HEATON v. KNIGHT ET AL.

1. **Tax Sale and Deed**: INSUFFICIENT NOTICE OF APPLICATON FOR DEED: PERSON TO WHOM TAXED. The statute (Code, § 894) providing that the holder of a certificate of purchase at tax sale must serve notice of his application for a deed upon the person in whose name the land is taxed, if a resident of the county, has reference to the person in whose name the land is taxed at the time the notice is served, and is designed to provide notice to the probable owner of the land at that time. And where the person in possession of the land had been the owner of it, and it had been taxed to him for previous years, but he had sold and conveyed it to plaintiff, who was a resident of the county, but who had failed to have his deed recorded, and there was nothing in the records to show that plaintiff was the owner of the land, and no taxes had yet been levied upon it for the year in which the notice was given, but it had been assessed to plaintiff, and the assessor's book returned to the auditor, *held* that the land was "taxed" to the plaintiff in contemplation of the statute, and that notice to him was necessary in order to cut off his right to redeem.

2. ———: ———: ACTION TO REDEEM: TENDER SUFFICIENT. Where it appears that plaintiff, who is seeking in a court of equity to redeem his land from a tax sale and deed, has made a tender to the county treasurer of the amount necessary to redeem, but that the tender has been rejected, and in his petition he expresses a readiness to pay whatever is found due, this is all that he can be required to do in that respect to entitle him to a standing in court. See *Binford v. Boardman*, 44 Iowa, 53; *Reed v. Thompson*, 56 Id., 455.

*Appeal from Madison District Court.*

THURSDAY, SEPTEMBER 20, 1883.

ACTION to redeem from a sale for delinquent taxes after the execution of a treasurer's deed, upon several grounds, one of which was that the notice required by statute had not been served on the person in whose name the land was taxed. There was a decree for the plaintiff, and defendants appeal.

*Ruby & Wilkin*, for appellants.

*McCaughan & Dabney*, for appellee.

SEEVERS, J.—Before a deed can be lawfully executed by a

county treasurer for lands sold by him for delinquent taxes,

1. TAX SALE and deed: insufficient notice of application for deed: person to whom taxed. a notice that a deed will be applied for must be served by the party entitled thereto "upon the person in possession of the land or town lot, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated." Code, § 894,

John C. Harvey was in possession of the land in controversy at the time the notice was served on him, on the 7th day of July, 1879. The land was assessed and taxed to said Harvey for the years 1877 and 1878. In October, 1878, Harvey conveyed the premises in controversy to the plaintiff, but the deed was not filed for record until November, 1879. The land was assessed by the assessor for the purpose of taxation in 1879 to the plaintiff, and the assessor's book so showing was returned to the auditor's office in May, 1870. Before causing the requisite notice to be served, the person entitled to a deed made inquiries as to who was in possession of the land, and made search in the recorder's, auditor's and treasurer's offices to ascertain the name of the owner; but he did not examine the assessor's books for 1879 in the auditor's office.. It will be seen that the notice was not served on the person in whose name the land was listed for taxation, and the question to be determined is, whether this is a fatal objection to the treasurer's deed, or rather whether such person, being the owner, is entitled to redeem. The statute declares that the notice must be served on the "person in whose name the (land) is taxed." This evidently means at the time the notice is served; and the statute was clearly enacted for the benefit of the owner. *Hall & Spencer v. Guthridge*, 52 Iowa, 408. At the time the notice was served, no taxes had been levied for the year 1879.

Strictly speaking, it possibly can be said that the land was not taxed at all, or to any one, for that year. But it had been listed for taxation, and had been assessed to to the plaintiff.

This was all that could be done at that time in the direction of taxation.

The records in the auditor's office showed this to be so, and we think, under the statute, a listing and an assessment of land by the assessor should be construed as taxing for the purpose of the service of the notice which must precede execution of a treasurer's deed. It should be presumed that the assessor would, in the performance of his duty, ascertain the name of the owner, if a resident of the county, and assess the land to him. The intent of the statute is that such owner should be served with notice, if possible; and it is assumed that, if service on the person in possession and to whom it is taxed is made, the service will, ordinarily at least, have been made on the owner. To all intents and purposes, we think the listing and assessment under this statute should be construed within the statutory definition of "taxed."

It is, however, urged by the appellants that, before the deed can be set aside or redemption allowed, it must appear

2. ——: ——: action to redeem: tender sufficient.

that all taxes due upon the property have been paid by the person seeking to redeem. Code, § 897.

Goodall, one of the defendants, was county auditor in 1879, and, a few days after the treasurer's deed was executed, a party acting for the plaintiff "made a tender of the amount, and offered to pay off the taxes due on the land in controversy" to said Goodall as auditor.

The tender was rejected, and in the petition the plaintiff offered and expressed a readiness to pay whatever amount was found due. We think this was all he could be required to do. *Binford v. Boardman*, 44 Iowa, 53; *Reed v. Thompson*, 56 Id., 455.

AFFIRMED.