ADAMS, J., concurs in this dissent.

---

| 65 | 435 |
| 81 | 55 |
| 65 | 435 |
| 99 | 65 |

## ADAMS v. SNOW.

1. **Tax Sale and Deed:** NOTICE TO REDEEM TO PERSON TO WHOM LAND IS ASSESSED. The person to whom land is assessed when notice of the expiration of the time for redemption from tax sale should be given, is the person to whom it is "taxed," within the meaning of § 894 of the Code, and the right of such person to redeem cannot be cut off by a treasurer's deed made in the absence of such notice. *Heaton v. Knight,* 63 Iowa, 686, (S. C. *ante,* p. 434,) followed. REED and ADAMS, J J., *dissenting.*

2. **Taxes:** WHEN LEVIED: PRESUMPTION. The statute requires taxes to be levied in September, and it will be presumed in a particular case that the levy was made in that month.

3. ———: ASSESSMENT: CHANGE OF NAME BY AUDITOR. When the county auditor, in transcribing the assessment roll, finds land taxed to one not the owner, he has authority, under §§ 837, 841 of the Code, to substitute the name of the owner as shown by the plat book in his custody, and such assessment to the owner is notice to a purchaser at tax sale that the land is taxed to the owner.

4. **Tax Sale and Deed:** REDEMPTION: TENDER. Where one seeks to redeem from a tax sale and deed, where the deed is void for want of the statutory notice to redeem, he is not required by § 897 of the Code to show that he has tendered to the holder of the deed the amount necessary to redeem the land.

*Appeal from Clay District Court.*

FRIDAY, DECEMBER 12.

ACTION in chancery to enforce the right of redemption from a tax sale and deed. A demurrer to the petition was sustained, and, plaintiff refusing to amend or plead further, her petition was dismissed. She now appeals to this court.

*Parker & Richardson,* for appellant.

*E. E. Snow, pro se.*

BECK, J.—I. The petition alleges the following facts: That the land involved in the action was, in 1878, sold for the taxes of 1875, 1876 and 1877; that at the expiration of three years from the date of the sale the treasurer executed to the purchaser a tax deed; that no notice was served upon any one of the expiration of the time for redemption, and no proof of, or attempt to prove, service of such notice was made; that an affidavit was filed showing that no person was in the possession of the land; that after the execution of the tax deed the grantee therein named, who was the purchaser at the tax sale, conveyed the land by quitclaim deed to plaintiffs; that prior to the execution of the tax deed the assessor of the proper township had assessed the land for taxation to one

Fulton, as the owner thereof, and returned his assessment roll, which was duly filed; that at the time of the assessment Fulton owned the land; that in transcribing the assessment the auditor inserted the name of plaintiff as owner of the land in the place of the name of Fulton, the title of the land being, at that time, in plaintiff, who was a resident of the county; and that no notice was ever given to plaintiff, in any manner, of the expiration of the time for redemption. It is shown by the answer that the time for redemption of the land expired on the eighth day of October, 1881, and the treasurer's deed was executed two days afterwards.

II. Upon these facts we are required to determine whether plaintiff is entitled to redeem. At the time the notice 1. TAX SALE of the expiration of the right of redemption and deed: notice to re- required by statute could and should have been deem to per- son to whom given, the tax-books showed that the land was land is assess- ed. assessed to plaintiff. The statute requires such notice to be given to the person in whose name the land is "taxed" at the time of the service of the notice. Code, § 894; *Hall v. Guthridge*, 52 Iowa, 408. After lands are listed and assessed to a person named, and the assessment is returned to the auditor, they are to be regarded as "taxed" to him. The listing and assessing are done in order to subject the land to taxation, and when done the land is "taxed," within the meaning of the statute, to the person named as the owner in the tax-books. See *Heaton v. Knight*, 63 Iowa, 686, and opinion on rehearing, filed at the present term of this court, *ante*, 434. Under these decisions plaintiff's right of redemption cannot be cut off by a treasurer's deed, in the absence of the notice required by the statute.

III. Counsel for defendent question the correctness of *Heaton v. Knight*, and insist that land is not "taxed" until a levy of the taxes is made. The assessment, listing, and levy are separate and successive steps in the imposition of taxes. They are all intended to accomplish that end. The land, as it were, is first designated and brought within the

exercise of the jurisdiction of the taxing power by the assessment, the other steps are intended to determine the amount of the tax, and are proceedings to enforce the authority to tax, the first exercise of which was the assessment. Lands are thus subjected to taxation by the assessment, and when assessed are to be regarded as taxed. We discover no reason for doubting the correctness of the decision.

IV. Counsel's position, that the land involved in this suit was not "taxed," because the tax was not levied, is not sup-

2. TAXES: when levied: presumption. ported by the facts. The taxes, we will presume, were levied before the expiration of the time for redemption, which was in October. The statute requires the taxes to be levied in September. We will presume the levy was made in that month. It thus appears that, at the time the deed was made by the treasurer, the land was "taxed" to plaintiff, and, as no notice had been given to her, the deed was not authorized by law.

V. Counsel for defendant insist that the land was not lawfully assessed to plaintiff, and she was not, therefore, en-

3. ——: assessment: change of name by auditor. titled to notice. This objection is based upon the facts that the assessor listed the land to Fulton, and the auditor, upon transcribing the assessment roll, substituted the name of plaintiff. The auditor is authorized to correct errors found in the assessments upon transcribing them. Code, § § 837, 841. The name of an owner may be inserted by him in the tax-book. *Conway v. Younkin*, 28 Iowa, 295. We will presume that in the exercise of his authority, under the sections of the Code just cited, he rightly substituted plaintiff's name.

VI. It would appear that, as the auditor is the custodian of the transfer books, which are doubtless kept to aid in the correct assessment of lands, he ought to have the authority to so correct assessments as to make them accord with these books as to the owners of lands.

VII. For another reason objection cannot be made to

the tax-books on the ground that they show the lands were assessed to Fulton. Plaintiff owns the land, and it is taxed to her. She could not defeat the assessment, and no reason can be given why defendant may claim that it is irregular. It is good against the owner of the land, and defendant and all the world had notice of the fact that the land was taxed to her. It cannot be claimed that the land was not taxed to plaintiff.

VIII. The defendant insists that under Code, § 897, plaintiff is not entitled to redeem, for the reason that she fails to show in her petition that she has made a tender of the amount required to make redemption. The section referred to provides that "no person shall question the title acquired under a treasurer's deed without first showing * * * that all taxes due upon the property have been paid by such person." The defendant insists that plaintiff cannot be permitted to redeem without showing that she has redeemed. This is the real effect of his position. If the requirement for the payment of taxes found in the section is applicable to the case, so far as to require the payment of the sum necessary to redeem, then is defendant's position correct, that redemption must be made before a court will enforce the right to redeem. The result of defendant's argument is absurd. The section is not applicable to the case before us. It contemplates the case of a tax deed lawfully made. The tax deed under which defendant claims title was made without authority of law, for the right to redeem still existed. The deed was therefore void. The defendant, by taking the tax deed, denied plaintiff's right to redeem; by his attempts to maintain his title under the deed he continues to deny plaintiff's right of redemption. The law, under these circumstances, does not require her to show that she tendered to defendant the sum required to redeem the land.

*4. TAX SALE and deed: redemption: tender.*

As the points we have determined settle plaintiff's right to redeem, and are decisive of the case, other questions dis-

cussed by counsel need not be considered. The judgment of the district court is

REVERSED.

REED, J., *dissenting.* In my opinion the land was not taxed for the year in question until the tax for that year was levied by the board of supervisors.

ADAMS, J., concurs in this dissent.