## TAYLOR v. ORMSBY BROS. ET AL.

1. **Original Notice:** SERVICE BY PUBLICATION: SUFFICIENCY OF AFFIDAVIT FOR. The affidavit required by section 2618 of the Code, as a basis for serving an original notice by publication, need not state that the defendant is a non-resident of the state. It is sufficient to follow the letter of the statute; and the fact of non-residence, though a jurisdictional one, may be shown by other evidence.

2. ——: ——: IN ACTION TO QUIET TAX TITLE: CONSTITUTIONALITY OF STATUTE. In an action to quiet a tax title, the original notice may, in a proper case, be served by publication, under the statute; and the statute is not, as applied to such actions, repugnant to the constitution.

3. **Tax Deed:** ACTION TO CANCEL: NECESSITY OF TENDERING AMOUNT TO REDEEM. Section 897 of the Code does not require that a claimant of land sold for taxes, before he can maintain an action to cancel the tax deed, must first tender to the tax-title holder the taxes which he has paid, with interest and penalties. It is enough to aver in the petition a readiness to reimburse him, whenever the amount shall be ascertained by the court. See *Binford v. Boardman*, 44 Iowa, 53.

*Appeal from Palo Alto District·Court.*

FRIDAY, APRIL 24.

THIS is an action in equity, by which the plaintiff seeks to cancel a tax deed for 40 acres of land. It is claimed in the petition that the land was sold and conveyed to defendants' grantors for the delinquent taxes of 1871, and it is averred that the taxes for that year were paid, and that the land was not taxable for the year 1871, and that there was no assessment or levy of taxes on the land for that year, and that no service of notice of redemption was made upon the person in whose name it was taxed. It is prayed that the tax deed and the conveyances made under it be canceled, and that the amount of redemption be determined, " which amount plaintiff offers to pay." The answer, among other things, sets up that in September, 1878, Alexander Younie, the then holder of the tax title, commenced an action against the plaintiff herein, who was then a non-resident of the state of Iowa, to

quiet the title of Younie to said land; and upon the submission of said cause it was made to appear to the satisfaction of the court that said Taylor was then in fact, and had been for several years, a non-resident of the state of Iowa. The record in that action is exhibited with the answer, from which it appears that service was had by publication, and that the publication was founded upon an affidavit of which the following is a copy: "I, T. W. Harrison, being first duly sworn, depose and say that I am attorney for the plaintiff in the within entitled cause, and that personal service of the original notice cannot be made upon the defendants within named within the state of Iowa, as I believe." It also appears that the court in that case entered a decree quieting the title in accord with the prayer of the petition. The answer also denied the right of the plaintiff to maintain the action, because he had not tendered to the defendants nor to the auditor of Palo Alto county the amount of the taxes, penalty, interest and costs paid by defendant, Younie, upon the purchase of said land at tax sales, together with subsequent taxes paid, and the penalty and interest thereon, before commencing suit. There was a demurrer to the answer, which was sustained, and defendants appeal.

*Soper, Crawford & Carr* and *T. W. Harrison*, for appellants.

*A. F. Call* and *Geo. E. Clarke*, for appellees.

ROTHROCK, J.—I. The first question presented in argument pertains to the sufficiency of the affidavit for authority to make service by publication in the action to quiet title. Section 2618 of the Code provides that "service may be made by publication when an affidavit is filed that personal service cannot be made on the defendant within this state, in either of the following cases. * * * (6) In actions which relate to, or the subject of which is, real or personal property

1. ORIGINAL notice: service by publication: sufficiency of affidavit for.

in this state, when any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a non-resident of this state, or a foreign corporation.      *      *      *" It will be observed that the affidavit in question is in exact accord with the provisions of the statute.   There is no requirement that the affidavit shall state that the defendant is a non-resident of the state.   It is true that the non-residence of the defendant is a jurisdictional fact, but it is to be ascertained and proved the same as any other necessary fact in the case.   If it was required by law that the non-residence should be shown by the affidavit for publication, of course it must so appear, and we are inclined to think that an omission thereof in the affidavit would be jurisdictional.   But, as there is no such requirement, it was competent to show the non-residence by other evidence.   We have been cited to no case inconsistent with these views, and in view of the language of the statute, and of what we know of the practice in this state for many years under it, and upon which many titles to land are founded, the construction claimed by counsel for appellee ought not to be entertained, and the same may be said of the claim made that the suit was a personal action, and that the statute authorizing service by publication is unconstitutional.   We think the demurrer to this (the fourth) count of the answer should have been overruled.

2. —: —: in action to quiet tax title: constitutionality of statute.

II.   Section 897 of the Code provides that "no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid.      *      *      *     " It is

3. TAX deed: action to cancel : necessity of tendering amount to redeem.

claimed by counsel for appellant that, under this provision of the law, it was the duty of the plaintiff to pay or tender to the defendant the amount of taxes and penalties before commencing the action.  It has been the practice in this state in this class of actions to aver in the petition a readiness and willingness to reimburse the title-holder for the taxes paid by him, whenever the amount shall be ascertained by the court, and, indeed, in all equitable actions, a formal tender by the plaintiff has not been thought necessary to maintain the suit.  *Binford v. Boardman*, 44 Iowa, 53.  But it is claimed by counsel for appellant that the above-cited provision of the statute is an absolute requirement that the plaintiff must show that he, or the person under whom he claims title, has paid all taxes upon the land.  This may be true, if it be claimed that any taxes are unpaid; that is, if it is made to appear that taxes are due to the state or county upon the land, the owner shall not be permitted to question the tax title; and there may be cases where such a state of facts may exist.

The holder of the tax title may fail to pay taxes after he acquires his deed.  The statute cannot be held to mean that no person shall question a tax title without first paying the tax title holder all the taxes he has paid, with interest and penalties.  This would not be a payment of taxes.  It would be a reimbursement for taxes previously paid; and further, if the appellant's position be correct, it would be within the power of the holder of the tax title to preclude all inquiry into the validity of his title by simply refusing to receive payment from the owner, because the statute requires absolute payment, and not merely a tender of payment.  In our opinion the demurrer to the fifth count of the answer was properly sustained.

For the error in sustaining the demurrer to the fourth count of the answer, the judgment is

REVERSED.