## ADAMS v. BURDICK ET AL.

1. **Tax Sale and Deed**: NOTICE TO REDEEM: "BLANKET" NOTICE NOT SUFFICIENT. A published notice of the expiration of the time of redemption from a tax sale, which is addressed to several different persons and affects several distinct tracts of land supposed to be owned by such persons severally, is insufficient to cut off the right of redemption, or to support a tax deed as to one of the tracts. *White v. Smith, ante*, p. 313, followed.

2. **Tax Deed**: WHO MAY QUESTION. One who claims under a tax deed, though his claim may not be good as against a prior owner, has sufficient interest to entitle him to question the validity of a subsequent tax title. Section 897 of the Code was designed only to prevent the interference of strangers.

4. ———: ———: PAYMENT OF TAXES DUE: PLEADING. Section 897 of the Code does not require that before one may question the validity of a tax title he must pay to the holder of such title the taxes paid by him on the land, but only those taxes in which the public is concerned. *(Taylor v. Ormsby*, 66 Iowa, 109.) Whether the payment of such taxes should be averred in a petition for redemption, *quære*.

### *Appeal from Clay District Court.*

### FRIDAY, APRIL 23.

THE plaintiff claims to be the owner of 280 acres of land in Clay county. He avers that the defendant, Charles Ray, claims to own it by virtue of tax deeds executed to him during the year 1881. But he avers that the deeds are invalid, for the reason that the land was not assessed for the years for which it was sold; that no taxes were legally levied upon the land for those years; and that there was no proper notice given of the expiration of the time for redemption. He avers that he has offered to pay the amount necessary to redeem, but avers that he is unable to determine the amount, and asks the court to ascertain and fix the same by decree; and the amount that shall be so ascertained and fixed he consents to pay; and he consents that the same may be made a lien upon the land. He prays that he may be allowed to redeem, and also that his title may be quieted. The defend-

ant Ray, filed an answer and cross-petition, asking that the title be quieted in him. There was a decree for the defendant Ray. The plaintiff appeals.

*Parker & Richardson*, for appellant.

*Snow Bros.*, for appellees.

ADAMS, CH. J.—The plaintiff's claim is not set up in different counts, and while he asks that his title be quieted, and makes some allegations which might be designed to show that he is entitled to that relief, yet his unqualified offer to redeem we regard as sufficient to determine that the action is an action for redemption. Such being our view, we have only to consider whether the notice of the expiration of redemption is sufficient, and, if not, whether the plaintiff is in condition to be allowed to take advantage of such fact. The notice was given by publication, and ran to twenty-one persons, and covered a large number of tracts of land in different townships. The land in question appears to have been taxed in the name of one of the persons mentioned. In whose name or names the other tracts were taxed does not appear, nor is it material. It seems clear to us that such a notice would not, probably, serve the office of the notice for which the statute provides, and that is, to bring to the knowledge of the person entitled to redeem the fact that the time of redemption was about to expire. Not only is this so, but the design of the statute appears from an express provision. The cost of publication is to be added to the amount necessary to redeem. Now, manifestly, the cost of publication of the notice in this case, which is more than twice as long as it should have been, should not all be added to the amount necessary to enable the plaintiff to redeem. But there is no provision for an apportionment, nor would it be possible to make a just apportionment, for there is nothing to show to

*Margin note: 1. TAX sale and deed: notice to redeem: "blanket" notice not sufficient.*

whom any given tract or tracts were taxed, or what were sub-
ject to a single redemption.   *White v. Smith, ante,* p. 313.

It is said by the defendant that these tracts were all cov-
ered by a single certificate; but to our mind such fact is not
material.   We have to say, then, that, in our opinion, the
notice is insufficient.

The defendant, however, contends that, conceding the notice
to be insufficient, the court below did not err, because the plaint-

2. TAX DEED: iff is not in condition to take advantage of such fact.
who may
question.   He holds, it appears, under a tax title, and it is said
that neither he, nor the person under whom he claims, had
title at the time of the sale under which the defendant claims.
Section 897 of the Code provides that " no person shall be per-
mitted to question the title acquired by a treasurer's deed with-
out first showing that he, or the person under whom he claims
had title to the property at the time of the sale, or that the
title was obtained from the United States or this state after
the sale."   But the object of this provision was, we think, to
prevent a stranger from questioning a tax title.   A claimant
under a prior tax title is not such person.   Besides, we think
that he comes strictly within the provision of the statute.
He becomes, by statute, the owner of " all right, title, inter-
est and estate of the former owner in and to the land con-
veyed, and also all the right, title, interest and claim of the
state and county thereto."

One more point is made by the defendant.   He contends
that it is neither averred nor proven that all the taxes due on

3. ——: ——: the property have been paid by the plaintiff, or
payment of
taxes due:   by the person under whom he claims.   The stat-
pleading.   ute above cited provides that " no person shall be
permitted to question the title," etc., " *      *      *      *
without first showing that all taxes due upon the property
have been paid by such person, or the person under whom he
claims title, as aforesaid."   It was held in *Taylor v. Ormsby,*
66 Iowa, 109, that the taxes referred to were not those paid
by the holder of the tax title questioned, but those in which

the public was concerned. Whether, under this provision, the plaintiff should aver in his petition the payment of such taxes, or whether the provision pertains merely to the mode of trial, we need not determine. As the defendant had no right to demand of plaintiff the payment of those taxes, the objection raised by him was, so far as he is concerned, purely technical. If he desired, then, to take advantage of the petition for want of such averment, he should have done so by demurrer.

So far as the evidence is concerned we have this to say: The taxes up to the time of the commencement of the action appear to have been paid. It may be presumed from the sale that those prior to it were paid, and the defendant's evidence shows that subsequent taxes were paid.

In our opinion, the plaintiff is still entitled to redeem as if there had been no attempt to serve notice of the expiration of the time for redemption, and the amount which he should pay is the amount which would be required if he were proceeding to make redemption under the statute, without action.

