MARTHA E. WILKIN v. ALFRED M. WILKIN *et al.*, J. L. KEITHLER, Appellant.

**Tax Deed: Redemption.** Where the return of service of notice to redeem from tax sale does not state when the notice was served, the tax deed, based on such sale, is void.

**Payment of Taxes as Condition Precedent.** One who has paid only the taxes due state and county may question the validity of a tax title. See Code, 897.

1 **Redemption—Mortgagor and Mortgagee.** A decree which gives mortgagor the right to redeem from tax sale, gives the same right to mortgagee.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

SATURDAY, OCTOBER 6, 1894.

ACTION in equity to foreclose a mortgage. Judgment and decree for plaintiff as prayed. The defendant J. L. Keithler appeals.—*Affirmed.*

*J. F. Smith* for appellant.

*W. D. Patterson* for appellee.

ROTHROCK, J.—The mortgage is upon forty acres of land, and it was executed to the plaintiff by the defendants A. M. Wilkin and Elizabeth Wilkin, his wife. After the mortgage was made, certain taxes on the land became delinquent, and it was sold at tax sale to J. F. Smith in December, 1887. No redemption was made, and a tax deed was executed to the defendant Keithler, assignee of Smith. Keithler was made a party defendant, and the mortgagors and mortgagee all

claimed that the tax deed was illegal and void, and they demanded the right to redeem the land from the tax sale. The court decreed that the plaintiff or the defendants Wilkins were entitled to redeem. The form of the decree disposes of the question as to the right of the mortgagee to redeem. If the mortgagor is given such right, it will be sufficient to authorize the mortgagee to protect herself the same as she might do by the payment of any other delinquent tax.

II. The plaintiff charged in the fourth and fifth paragraphs of the petition that the tax deed was void, and should be set aside, for the reason that the notice of expiration of the time of redemption and the return of service thereof fail to show when said notice was served on the owner of the land, or the person in whose name it was taxed. There is no denial of this averment of the petition. The only reference thereto in the answer is that the tax deed is in due form, and fully conveyed the property to defendant. The fact is that it was not stated in the return of service on what day service was made. There was a mere general statement that the notice was served. This was insufficient to authorize the execution of a tax deed. *Ellsworth v. Cordrey*, 63 Iowa, 680, 16 N. W. Rep. 211.

III. It is claimed by appellant that the owners and the mortgagee have no right to question the validity of the tax deed, because they have not paid the taxes due upon the land, as required by section 897 of the Code. It has been held that the taxes referred to in the statute are such as are due to the state and county, and not such as have been paid by the tax-sale purchaser. *Taylor v. Ormsby*, 66 Iowa, 109, 23 N. W. Rep. 288; *Adams v. Burdick*, 68 Iowa, 666, 27 N. W. Rep. 911. It does not clearly appear whether there were any taxes due and unpaid at the time of the commencement of this suit, which was on

the twenty-first day of September, 1891. However that may be, there was no issue made in the pleadings on that question, either by the petition or answer.

IV.  It is urged that the plaintiff and the mortgagors failed to show that the mortgagors were the owners of the land when the tax sale and deed were made.  It may be that there were defects in some of the intermediate conveyances from the government down to A. M. Wilkin, but the evidence showed a complete. title by prescription.  The mortgagors and grantors had been in the actual adverse possession of the land under color of title for more than ten years before it was sold for taxes.  The decree of the district court is· AFFIRMED.