GERTRUDE MEDLAND v. WARREN WALKER, Appellant.

**Tax Deed:** NOTICE TO REDEEM. Land was taxed to a wife. She and her husband occupied it. Notice to redeem from the tax sale was served on the husband alone. *Held*, a tax deed based on the sale is void—Code, 894.

**Practice:** PLEADING. Petition to redeem from tax sale which does not show that petitioner has paid all taxes must be attacked by demurrer or motion in arrest, and the defect is waived if the objection be taken by answer.

**Practice in Supreme Court:** OBJECTION BELOW. Where the allegations of a cross bill are denied in a petition, they will not be deemed admitted for want of reply. And where an equity cause has been tried below as though said allegations were denied, they will be deemed denied on appeal.

SAME.  Objections to a deposition taken before a stenographer on
6  agreement cannot be first urged on appeal.

PRESUMPTION IN FAVOR OF COURT BELOW.  Where deeds which it is
7  complained are defectively acknowledged do not appear in the
record, it will be presumed that the court below rightly admitted
them.

*Appeal from O'Brien District Court.*—HON. GEORGE W.
WAKEFIELD, Judge.

WEDNESDAY, OCTOBER 23, 1895.

Action in equity to redeem certain lots from tax
sale.  Decree for plaintiff.  Defendant appeals.
—*Affirmed.*

*Warren Walker* for appellant.

*T. F. Ward* for appellee.

Kinne, J.—I.  This is an action to redeem two lots
situated in the town of Hartley, O'Brien county, Iowa,
of which plaintiff claims to be the owner by warranty
deed from one Kneen and wife.  Defendant claims
ownership of said lots by virtue of a certain tax deed
from the treasurer of said county.  Plaintiff contends
that this deed is void because no notice of the taking
the tax deeds was ever served upon her.

II.  It appears from the record and transcript
that the lots in controversy were taxed on the tax list
of O'Brien county for the year 1891, to and in
the name of the plaintiff; that she was in the
actual possession and occupancy of said lots
from the fall of 1891; and that she received her deed
for the same in July, 1891, and it was recorded in
August of the same year.  It further appears that no
notice to redeem was ever served upon plaintiff.  The
sale of the lots for taxes occurred on the sixth day of
October, 1884, and the defendant was the purchaser.

The tax deed was taken by the defendant on the third day of August, 1892. Our statute provides that, "after the expiration of two years and nine months after the date of sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person in possession of such land or town lot, and also upon the person in whose name the same is taxed, * * * in the manner provided by law for the service of original notices, a notice signed by him, his agent or attorney, stating the date of sale, the description of the land or town lot sold, the name of the purchaser and that the right of redemption will expire and a deed for said land be made unless redemption from such sale be made within ninety days from the completed service thereof. * * * Service shall be deemed completed when an affidavit of the service of said notice, and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent, or attorney, shall have been filed with the treasurer authorized to execute the tax deed, * * * and, until ninety days after the service of said notice, the right of redemption from such sale shall not expire." Code, section 894. The notice in this case appellant claims was directed to and served upon plaintiff's husband in April, 1892. As we have said no notice was ever served upon plaintiff. She acquired title to the lots in July, 1891. They were taxed to her and in her name in 1891. She and her husband were in the actual possession and occupancy of said lots from some time in 1891, and continuously during 1892 until after the notice was served upon which the deed issued to defendant. The notice in this case, having been served in an even-numbered year, the tax purchaser should have served it upon plaintiff, she being the persons in whose names the lots were taxed, as appeared on the tax list. *Fuller v. Butler*, 72 Iowa,

729 (32 N. W. Rep. 283). The statute also required the notice to be served upon the one in actual possession of the lots. Code, section 894. *Whities v. Farsons*, 73 Iowa, 137 (34 N. W. Rep. 782) *Callanan v. Raymond*, 75 Iowa, 307 (39 N. W. Rep. 511); *Bradley v. Brown*, 75 Iowa, 180 (39 N. W. Rep. 258). This requirement was not satisfied by a service of the notice upon plaintiff's husband alone. These statutory proceedings, whereby parties may be deprived of their property, must be fully complied with. *Cornoy v. Wetmore*, 92 Iowa, 100 (60 N. W. Rep. 245). The tax deeds, then, cannot be held to cut off plaintiff's right to redeem.

III. Appellant filed an amended and substituted answer, the facts in the third division of which were pleaded as a counterclaim to plaintiff's cause of action. In it defendant averred his ownership of the lots in controversy by virtue of the tax deed heretofore mentioned; that plaintiff had failed to pay any of the taxes on said lots for the years 1891 and 1892, and was therefore barred and estopped from maintaining her action. No pleading was filed by the plaintiff in response to this counterclaim and defendant contends that, under section 2712 of the Code, the material allegations of his cross bill must be deemed admitted. We do not think the failure to plead to this cross bill had the effect of admitting its allegations. Every fact pleaded in said cross bill was put in issue by the allegations of the petition and the amended and substituted answer. Every matter set forth in said cross bill must, under the other issues, have been considered the same as if said cross bill had not been filed. *Brown v. Barngrover*, 82 Iowa, 209 (47 N. W. Rep. 1082); *Ware v.*

*Delahaye* (decided at this term), 95 Iowa, 667 (64 N. W. Rep. 640). Furthermore, the parties proceeded to trial of the case in all respects as if the matters pleaded in the cross bill had been denied. No question was made thereon during the trial in the lower court. The defendant had a right to waive this provision of the statute in his favor. The parties having proceeded to trial and treated the cross bill as denied, and having taken evidence upon the matter set out therein, it is now too late to claim the benefit of the provision of the statute. *Long v. Valleau*, 87 Iowa, 675 (55 N. W. Rep. 34, and 56 N. W. Rep. 748).

IV. Appellant contends that, as it appears that plaintiff had not paid the taxes due upon the lots when she began this action, she cannot be permittd to question the validity of his tax title. Code, section 897. The section referred to provides that "no person shall be permitted to question the title acquired by a treasurer's deed, without first showing that  *  *  *  all taxes due upon the property have been paid." The petition in this case failed to allege that the taxes had been paid. It was therefore demurrable. *Adams v. Burdick*, 68 Iowa, 668 (27 N. W. Rep. 911); McClain's Code, sections 3854-3856. No demurrer was interposed, nor was any motion in arrest of judgment. Defendant could not in such a case, where the defect appeared upon the face of the petition, question the same by answer. He should have demurred, or moved in arrest of judgment. Id.; *Linden v. Greene*, 81 Iowa, 365 (46 N. W. Rep. 1108); *Dunn v. Wolf*, 81 Iowa, 688 (47 N. W. Rep. 887); *Wing v. District Tp.* 82 Iowa, 632 (48 N. W. Rep. 977).

V. Appellant contends that certain depositions introduced in evidence on the part of plaintiff should

not be considered. It appears that the parties voluntarily appeared before a shorthand reporter, and then and ·there orally agreed that said reporter should take the testimony as a commissioner; that the same should be taken in shorthand, and be by her transcribed, and, when so transcribed and certified by said commissioner, it should be received in evidence as though originally taken in longhand before a notary public, and subject only to the same objections. Notice of time of taking was waived, and it was agreed that, after the evidence was transcribed it should be signed by the parties, and verification thereto was waived. A typewritten stipulation, containing the above and other provisions, is returned with the depositions, and appellee contends the same was verbally agreed to. We need not set out the grounds of objection to those depositions. They are numerous. It appears, however, that none of these objections were properly made in the court below. It further appears that appellant in person attended the taking of these depositions, and cross-examined the witnesses at length. It is very apparent that they were taken in pursuance of an agreement between the parties, and appellant is in no situation to insist upon a hearing of such objections.

VI. Appellant contends that plaintiff must prove title in herself before she can be permitted to question his tax title, and insists that she has not done so. She established a complete claim of title from the government, but appellant says some of these intermediate deeds were not properly acknowledged. The abstract of appellant, which purports to set out the acknowledgments claimed to be defective, is denied in an amendment filed by appellee. We then have resort to the transcript. A careful examination of that shows that not a single deed admitted in evidence, except the one from Kneen and wife to plaintiff, is set out in

the record. As to the Kneen deed, it was properly in evidence, and no objection is made to the form of acknowledgment. We are therefore unable to determine whether the acknowledgments complained of were, in fact, objectionable or not. We cannot presume that there was some defect in these deeds, or in the acknowledgments, which would exclude them from being considered by the trial court. Error in this respect must be made to affirmatively appear. In this condition of the record, we must presume that the deeds and acknowledgments were such that they were properly admitted in evidence, and such being the case, plaintiff established her title to the lots.

VII. Many other questions are argued by appellant. We cannot speak of them in detail. We have examined the entire record and discover no error. —*Affirmed.*