IOWA LOAN AND TRUST CO., Appellee, v. S. C. POND, SIDNEY CLARK ET AL, SIDNEY CLARK, Appellant.

**Quieting title:** REDEMPTION FROM TAX SALE. In an action to quiet
1  title under a tax deed, the evidence is held to show sufficient claim of right and color of title in defendant, coupled with possession, to justify an attack upon the tax deed and to sustain his right to redeem therefrom.

**Redemption from tax sale:** PAYMENT OF TAXES. One seeking to redeem
2  deem from a tax deed, where proper notice of the expiration of the period of redemption was not given, is not required to show payment of taxes.

**Same.**  One who has failed to show himself entitled to notice of the expiration of the period of redemption from a tax sale cannot question a tax deed issued thereunder.

*Appeal from Woodbury District Court.*— HON. F. R. GAY-NOR, Judge.

FRIDAY, OCTOBER 20, 1905.

SUIT in equity to quiet title to two strips of land, a part of or surrounding certain lots in the city of Sioux City. Plaintiff's title is based upon a tax deed, while defendants claim under certain mesne conveyances of an easement or private right of way over said strips.  There was a decree for plaintiff, and defendant Sidney Clark alone appeals.— *Modified.*

*George M. Pardoe,* for appellant.

*M. J. Sweeley,* for appellee.

DEEMER, J.— I.   Plaintiff's tax deeds cover the land in dispute, but defendant says these deeds are invalid, because no notice was given the party in possession or to the owner of the property of the expiration of the period of redemption from tax sale.  To this plaintiff responds by saying that defendant did not show that he or the person under whom he claims ever had any title to the property, nor did he show that any one was in such possession as to entitle him to notice.  It is further argued that defendant did not show that all taxes on the property had been paid, as required by statute, before one is justified in attacking a tax deed.  If defendant has shown these things, then there is a practical concession in argument that no proper notice of the expiration of redemption from the sale was given, and that defendant should have a decree allowing him to redeem, unless it be for some of the further reasons suggested in argument.

As to the claim that defendant did not show his owner-

ship of the property, he introduced in evidence deeds running
back to Allen O. Bird; but there is no showing that Bird had
any title from the government. To meet this defendant
relies upon title by adverse possession, and a statement from
him under oath while on the witness stand, which was
received without objection, to the effect that he was the owner
of the property. The testimony shows such a claim of right
and color of title, coupled with the possession of a right of
way 10 feet wide, running east and west along the north side
of part of lot 1 in block 3 of Boulevard addition to Sioux
City, Iowa, as to justify defendant's attack upon the tax
deed and to sustain his plea of right to redeem. As to the
north and south alley running through this block, there is not
sufficient testimony in our judgment to justify the relief
sought. We shall not set forth the testimony upon which
we base our conclusion, as it is not our custom to do so.

II. As to defendant's failure to pay taxes, it is shown
that he has paid none of the taxes levied and assessed against
the property; but, as he is seeking to redeem in a case where
no proper notice was given of the expiration of the period of
redemption, he is not required to show payment of taxes.
Whatever of confusion there may have been in our previous
cases on this subject, this matter was fully settled and adjudi-
cated in the late decision of *Swan v. Harvey,* 117 Iowa, 58.
To the doctrine there announced we still adhere.

But as the defendant has failed to show that he was
entitled to notice of the expiration of the period of redemp-
tion from the sale of the north and south alley or way, he
cannot question the tax deed issued to plaintiff for that strip.

The decree should be modified, so as to allow defendant
Clark to redeem from the sale of the alley running east and
west along the north side of a part of lot 1 in block 3, and
in all other respects it will be affirmed. The case is re-
manded for a determination of the question as to the amount
defendant should pay in order to effectuate this redemption;

for we have no data from which to make a computation.— *Modified and remanded.*