MARTIN NEILAN, Appellant v. UNITY INVESTMENT COMPANY, Appellee.

**Taxation:** SALE OF PROPERTY: REDEMPTION: NOTICE. To cut off an
1  owner's title by a sale of the land for taxes and issuance of a tax deed, statutory notice of the expiration of the time of redemption must be given; and where such notice is not given the defendant in a suit to quiet title by the holder of the tax deed need not allege payment of the taxes on which the sale and deed are based, but an offer to pay the same as found due, or which he is required in equity to pay, is sufficient.

**Same:** REDEMPTION: LIMITATION. Notice of expiration of the time
2  of redemption from a tax sale must be personally served upon a resident owner; the service can not be made by publication. And when attempted to be made by publication it is in effect no notice and the property remains subject to redemption by the owner notwithstanding the five-year bar in certain cases provided by the statute. And this rule obtains where an invalid sale had been made because of unpaid grading taxes.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

TUESDAY, JUNE 14, 1910.

SUIT in equity to quiet plaintiff's title in and to a certain lot in the city of Sioux City. To defendant's answer and counterclaim plaintiff filed a demurrer, which demurrer was overruled, and plaintiff appeals. *Affirmed.*

*Martin Neilan, pro se.*

*F. W. Lohr,* for appellee.

DEEMER, C. J.—Plaintiff's action is founded on a tax title based upon a sale of the property for the taxes of the years 1893, 1894, 1895 and 1896, and a deed issued by the county treasurer pursuant thereto April 12, 1901. Plaintiff alleged that he had paid all taxes upon the lot to date, and that one Frank Anderson was the owner of the lot at the time of the tax sale. Plaintiff also pleaded in his petition certain matters regarding the conduct of Anderson and the defendant which he relied upon as an estoppel. Defendant in answer denied all the allegations of the petition, save those admitted, and further alleged that it was the owner of the lot, and that there were no unpaid taxes against it. It admitted the sale of the lot for taxes to the plaintiff for the sum of $1.07, and further pleaded that the delinquent taxes for each of the years for which the property was sold were not brought forward as required by law; that the auditor and treasurer did not keep proper records of the tax sale; that some of the taxes for which the lot was sold were not properly levied and were without any authority in law; that, although Frank Anderson was at all times material to our inquiry a resident of Woodbury county, no notice

was served upon him of the expiration of the time of redemption as provided by law, although notice by publication was given; that the land was assessed to Anderson; that the notice of publication was insufficient, in that it did not state under whose direction it was made; that the lot had been unimproved and unoccupied until the spring of the year 1908, when defendant took possession thereof and has since occupied the same, plaintiff never having been in the possession thereof; that all taxes paid by plaintiff more than five years before the commencement of this suit are barred; that more than eight years have elapsed since the issuance of the tax deed, and that action thereon is barred; that some of the taxes for which the lot was sold were for grading streets of the city for which no tax could legally be levied; and that by reason of all of these facts the tax deed is invalid. By way of counterclaim defendant pleaded title in itself, and further averred that the Unity Investment Company is ready and willing, and hereby offers and tenders, to pay the full amount of all valid and subsisting taxes, interest, and penalties, including costs, justly chargeable against said real estate because of said taxes and tax sale, together with all costs of this action up to the time of the filing of this answer and counterclaim.

The prayer was as follows: "Defendants pray judgment dismissing the action of the plaintiff; that defendants have judgment quieting their title to said real estate against the adverse claims of the plaintiff; that said taxes, tax sale, and tax deed be declared null and void and of no further force or effect; that the same be canceled of record and defendants have judgment for costs and such other and further relief as may be equitable."

The demurrer challenged the sufficiency of these allegations of the answer and counterclaim, and it is strenuously argued they do not constitute a defense or a ground for affirmative relief for the reasons (1) that the

answer does not show that all taxes upon the lot were paid by Anderson or the defendant; (2) that the answer shows notice of redemption upon Frank Anderson by publication; (3) that the defendants are barred and estopped from claiming title because they were not in possession until the spring of the year 1908, and made no attack upon the tax deed until more than five years after it was issued; and (4) that defendants are estopped from challenging the grading tax because no protest was made against the same until the answer was filed.

We have to determine then the sufficiency of the allegations of the answer and counterclaim. Counsel contended that they are insufficient because they do not

1. TAXATION: sale of property: redemption: notice.

allege the payment of taxes for the years 1893, 1894, 1895 and 1896. As no sufficient notice of the expiration of the time of redemption was given, defendant was not required to plead the payment of those taxes. Without such notice defendant's title could not be cut off, and it was enough for it to offer to pay such taxes as were found due or which it was required in equity to pay. As plaintiff alleged the payment of all subsequent taxes, defendant was under no obligation to pay these, save as it might be required to do so to effectuate a redemption. *Lynn v. Morse,* 76 Iowa, 665; *Wilkin v. Wilkin,* 91 Iowa, 652; *Adams v. Snow,* 65 Iowa, 435; *Nichodemus v. Young,* 90 Iowa, 423.

Code, section 1448, reads as follows: "No action for the recovery of real estate sold for the nonpayment of taxes shall be brought after five years from the execution and recording of the treasurer's deed, unless

2. SAME: redemption: limitation.

the owner is at the time of the sale, a minor, insane person or convict in the penitentiary, in which case such action must be brought within five years after such disability is removed." Claim is made that plaintiff's title became perfect under this

section, and that defendant can not challenge it.   Such facts are pleaded in the answer regarding the inclusion of a grading tax as would make the sale void, and it is also shown that no proper notice of the expiration of the redemption period was given.   *Gallaher v. Garland,* 126 Iowa, 206; *Carter v. Cemansky,* 126 Iowa, 506.   Notice by publication being unauthorized under the facts pleaded, it is the same as no notice.   Under these facts, it has been repeatedly held that section 1448 does not apply.   *Chicago, B. & Q. R. R. v. Kelley,* 105 Iowa, 106; *Slyfield v. Barnum,* 71 Iowa, 245; *Bowers v. Hallock,* 71 Iowa, 218; *Cornoy v. Wetmore,* 92 Iowa, 100; *Shelley v. Smith,* 97 Iowa, 259; *Wilson v. Russell,* 73 Iowa, 395; *Swan v. Harvey,* 117 Iowa, 58; *Iowa Loan & T. Co. v. Pond,* 128 Iowa, 600.   Notice by publication upon resident owners doubtless might have been authorized by the Legislature; but we find no statute so providing.   Indeed, the statute seems to require personal service upon residents.   Code, section 1441.   Plaintiff's tax deed, under the allegations of the answer and counterclaim, was invalid because no notice of redemption was given, and for the further reason that it was based upon a sale of the lot for unpaid taxes for grading purposes.   These facts not only made the property subject to redemption, but they remove the five-year bar created by section 1448 of the Code.

The ruling on the demurrer was correct, and the judgment must be, and it is, *affirmed.*