MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellee, v. A. D. PUGH, Trustee, Appellant, et al., Appellees.

**APPEAL AND ERROR:** Presentation in Trial Court—Questions First
1  Raised on Appeal. The objection that plaintiff in an action to redeem from a tax deed has not shown that all taxes on the property have been paid will not be considered when raised for the first time on appeal. (See Book of Anno., Vol. 1, Sec. 12827, Anno. 1 *et seq.*)

**TAXATION:** Tax Deed—Action to Redeem—Tender and Offer to Pay
2  Taxes. Tender and offer by plaintiff to pay all taxes found due is equivalent to *payment*, within the meaning of the statute requiring plaintiff in an action to redeem from a tax deed to show that all taxes on the premises have been paid. (See Book of Anno., Vol. 1, Sec. 7290, Anno. 29 *et seq.*)

**TAXATION:** Tax Deed—Action to Redeem—Showing of Payment Excused.
3  cused. In an action to redeem from a *void* tax deed, plaintiff need not show that he has paid all taxes due on the property. (See Book of Anno., Vol. 1, Sec. 7290, Anno. 23.)

**TAXATION:** Tax Deed—Action to Redeem—Noninterested Party. A
4  noninterested party may not maintain an action to redeem from a tax deed. (See Book of Anno., Vol. 1, Sec. 7290, Anno. 1 *et seq.*)

**TAXATION:** Tax Deed—Expiration of Redemption Period—Service
5  on Party in Possession. The statutory requirement that notice of expiration of right of redemption from tax sale shall be personally served on the party in possession, if he is a resident, is mandatory. (See Book of Anno., Vol. 1, Sec. 7279, Anno. 33 *et seq.*)

**TAXATION:** Tax Deed—Expiration of Redemption Period—Service on
6  Party Taxed. The statutory requirement that notice of expiration of right of redemption from tax sale be personally served on the person in whose name the property is taxed, is absolute, and it is quite immaterial that the name of such person is indicated on the tax books by letter abbreviations, *when the tax certificate holder knows exactly who was intended by the abbreviations.* (See Book of Anno., Vol. 1, Sec. 7279, Anno. 53 *et seq.*)

**TAXATION:** Tax Deed—Expiration of Redemption Period—Unallowable
7  able Publication. Service by publication of notice of expiration of the right of redemption from tax sale is wholly nugatory when the domestic corporation in whose name the property is taxed has a resident secretary capable of receiving personal notice.

**TAXATION:  Sale—Exclusive Railway Property.**  A sale of property
8  for nonpayment of taxes assessed by the local authorities is a
nullity when the property is used exclusively in the operation of a
railway and has been assessed by the state executive council.

**APPEAL AND ERROR:  Assignment of Errors—Failure to Argue.**  Un-
9  argued assignments of error will be disregarded on appeal.  (See
Book of Anno., Vol. 1, Sec. 12869, Anno. 81 *et seq.*)

Headnote 1:  3 C. J. p. 706.  Headnote 2:  37 Cyc. p. 1421.  Headnote
3:  37 Cyc. pp. 1411, 1421.  Headnote 4:  37 Cyc. p. 1421.  Headnote 5:
37 Cyc. p. 1398.  Headnote 6:  37 Cyc. p. 1398.  Headnote 7:  37 Cyc.
p. 1405.  Headnote 8:  37 Cyc. p. 1280.  Headnote 9:  3 C. J. p. 1434;
4 C. J. p. 1070.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

NOVEMBER 17, 1925.

REHEARING DENIED JANUARY 22, 1926.

ACTION to redeem from a tax deed.  The trial court granted
the relief prayed, and the tax deed holder appeals.—*Affirmed.*

*C. S. Cooter* and *A. D. Pugh,* for appellant.

*Carr, Cox, Evans & Riley,* for plaintiff and intervener, ap-
pellees.

*R. B. Alberson,* for defendant, appellee.

FAVILLE, C. J.—The tract involved in this case is described
as Lots 1, 2, and 7, Block 21, H. M. Hoxsie's Addition to the
town of Fort Des Moines, now a part of the city of Des Moines.
At the December, 1917, tax sale, the said premises were sold
for the unpaid taxes of the year 1916.  The purchaser at the
tax sale duly assigned the tax sale certificate to appellant, and
a tax deed was issued on November 10, 1921.  This action was
begun in January of 1922, to redeem from said tax sale.

W. H. Bremner, as receiver of the plaintiff-appellee, inter-
vened in said action, and prayed that the relief sought by the
plaintiff be granted.

I.  Appellant contends that appellees have not alleged nor
proved that all of the taxes due on the property in question

have been paid, and that this is a prerequisite to the instigation

1. APPEAL AND
ERROR: presentation in trial
court: questions
first raised on
appeal.

of an action to redeem from appellant's tax deed. The Code of 1897, Section 1445 (Code of 1924, Section 7290), provides as follows:

"No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title."

No question involving this statute was raised by appellant in the trial court, either by way of demurrer or answer to appellee's petition. Appellant is, therefore, in no position to urge said matter in this court for the first time. *Adams v. Burdick,* 68 Iowa 666; *Lynn v. Morse,* 76 Iowa 665; *Wilkin v. Wilkin,* 91 Iowa 652; *Medland v. Walker,* 96 Iowa 175.

Furthermore, the plaintiff-appellee alleges in its petition that it has previously made a tender of the taxes, and that it "hereby tenders and offers to pay any and all sums that may

2. TAXATION: tax
deed: action to
redeem: tender
and offer to pay
taxes.

be due for the purpose of redeeming all of the said premises from the tax sale aforesaid." This was sufficient. *Heaton v. Knight,* 63 Iowa 686; *Taylor v. Ormsby Bros.,* 66 Iowa 109; *Nicodemus v. Young,* 90 Iowa 423.

Again, the plaintiff-appellee is seeking to redeem in this case on the ground that no proper notice was given of the

3. TAXATION: tax
deed: action to
redeem: showing
of payment excused.

expiration of the period of redemption. In such a case it is not required to show a payment of taxes. *Iowa Loan & Trust Co. v. Pond,* 128 Iowa 600; *Neilan v. Unity Inv. Co.,* 147 Iowa 677.

II. Appellant contends that the plaintiff-appellee failed to show that it had any title to or interest in the property in controversy at the date of the tax sale on December 21, 1917,

4. TAXATION: tax
deed: action to
redeem: noninterested party.

and that, therefore, it is in no position to maintain this action to redeem. Where a party who is seeking to redeem from a tax deed had no title to or interest in the property that was sold for taxes

and conveyed by a tax deed, such party cannot question the title under the tax deed, or redeem therefrom. *Adams v. Burdick,* supra; *Wilcox v. Ruan,* 192 Iowa 520; *Petersborough Sav. Bank v. Des Moines Sav. Bank,* 110 Iowa 519; Code of 1897, Section 1445 (Code of 1924, Section 7290).

We have examined the record with regard to the title of the plaintiff-appellee to the premises, and are satisfied that the evidence is sufficient to establish title to the property in controversy in the plaintiff-appellee. The claim of appellant at this point is without merit.

III. The case largely turns on the question of the sufficiency of the notice of expiration of time for redemption. The notice to redeem from the tax sale was addressed to the Des

5. TAXATION: tax deed: expiration of redemption period: service on party in possession.

Moines & Fort Dodge Railway, and was served only by publication in the Altoona Herald, a weekly newspaper published at Altoona, in Polk County, Iowa. The publication appears to have been had for the period of time provided by statute. The affidavit upon which said notice by publication was based recited that the agent of the certificate holder who made the affidavit had made a personal examination of the tax lists of Polk County, Iowa, and found the real estate described in the affidavit to be taxed to and in the name of the Des Moines & Fort Dodge Railway and that "said Des Moines & Fort Dodge Railway is a nonresident of Polk County, Iowa, or gone out of business." The affidavit further recites that the affiant "went upon said property on the 2nd day of May, 1921, and found no one in possession, the same being vacant and unoccupied." Appellant insists that he is entitled to all the presumptions with regard to the validity of a tax deed as provided by Section 1444 of the Code of 1897 (Section 7287, Code of 1924). Granting to appellant the presumptions that flow from the statute, we go to the record to ascertain whether the notice was in fact sufficient to make the execution of the tax deed conclusive against the plaintiff-appellee's right to redeem. The notice of expiration of the right to redeem is provided for in Section 1441, Code of 1897 (Section 7279, Code of 1924). The requirement of the statute is that the notice of the expiration of the time of redemption shall be "served upon the person in possession of

such real estate, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated.'' Service may be made upon nonresidents of the county by publication. These provisions of the statute are absolute, and must be followed. Such has been our uniform holding. *Hillyer v. Farneman*, 65 Iowa 227; *Bradley v. Brown*, 75 Iowa 180; *Shelley v. Smith*, 97 Iowa 259; *Hintrager v. McElhinny*, 112 Iowa 325; *Grimes v. Ellyson*, 130 Iowa 286; *Ashenfelter v. Seiling*, 141 Iowa 512; *German Sav. Bank v. Walker*, 190 Iowa 1096; *Lyman v. Walker*, 192 Iowa 982.

Appellant contends that the plaintiff-appellee was not in possession of the real estate in question. We are satisfied from the record that this contention of appellant's is untenable. The plaintiff-appellee used the premises in controversy in connection with the operation of its railroad. A portion of the premises had been leased for storage purposes at two different times; but the plaintiff-appellee, at the time the notice was served, was in the possession and occupancy of said premises. It appears that there has been no time when the premises were wholly vacant or unoccupied. No attempt was made to serve the notice of the expiration of the right of redemption upon the plaintiff-appellee. The possession of the premises by the plaintiff-appellee at the time the notice of expiration was served was so open and obvious that appellant was required to make service upon the plaintiff-appellee. This he failed to do, or even to attempt to do.

Again, the notice was required to be served ''upon the person in whose name the same is taxed.'' It appears that the property was correctly described upon the tax roll, and in the column headed ''owner's name'' appeared ''D. M. Ft. D. Ry.'' Appellant interpreted this designation of ownership to mean the Des Moines & Fort Dodge Railway Company. He addressed his notice to redeem from tax sale as follows:

6. TAXATION: tax deed: expiration of redemption period: service on party taxed.

''To Des Moines & Ft. Dodge Railway (the person in whose name the real estate described below is taxed.)''

The affidavit recited that the real estate was taxed in the name of ''Des Moines & Fort Dodge Railway,'' and recited that ''said Des Moines & Fort Dodge Railway is a nonresident of Des Moines, Polk County, Iowa, or gone out of business.''

In *Chicago, B. & Q. R. Co. v. Kelley,* 105 Iowa 106, we held, in an action involving a tax deed, that the initials "C. B. & Q. Ry." did not indicate that the plaintiff railway company was intended, in the absence of a showing that it was commonly known and customarily referred to by that abbreviation.

Whether or not the initials used were sufficient designation of the owner is quite immaterial in the instant case. Appellant was not misled. He understood that the initials referred to the Des Moines & Fort Dodge Railway Company. He attempted to serve said company as owner, in whose name the property was taxed. Appellant addressed his notice to the appellee the Des Moines & Fort Dodge Railway. It appears from the record that said appellee was a corporation organized under the laws of this state, and that, at the time of the service of said notice, it had an officer at Des Moines representing it as assistant secretary, upon whom service could be made, and that its principal place of business was at Des Moines.

We are of the opinion that, under the record as made, the service by publication upon the domestic corporation, the Des Moines & Fort Dodge Railway, was not a sufficient compliance with the statute. The trial court was correct in holding that the notice of tax deed was not properly served, under the statute, in view of the facts of the case, both as to the party in possession of the premises and the party in whose name it was taxed.

7. TAXATION: tax deed: expiration of redemption period: unallowable publication.

It also appears that the property was used exclusively for railroad purposes, within the meaning of Sections 1334 and 1342 of the Code of 1897, and that it was assessed by the executive council of the state as railroad property. It was, therefore, not subject to assessment by the local taxing authorities; and for this reason the tax sale under which appellant claims, was void.

8. TAXATION: sale: exclusive railway property.

The decree of the trial court permitting appellee to redeem from the tax sale was correct.

Appellant has evidently overlooked the provisions of Rule 30 of this court, to the effect that:

"Any error relied upon for reversal not argued in the

9. APPEAL AND
ERROR: assign-
ment of errors:
failure to argue.

argument in chief shall be deemed to have been waived."

It is well that the rule be heeded, if counsel desire that all alleged errors shall be considered.

The decree of the district court is—*Affirmed.*

STEVENS, ALBERT, and MORLING, JJ., concur.

EVANS, J., not participating.