INTER-OCEAN REINSURANCE COMPANY, Appellee, v. LEE BARTLE-
SON et al., Appellants; MARY E. WHITE,
Intervener, Appellant.

No. 46363.

NOVEMBER 16, 1943.

OPINION MODIFIED AND REHEARING DENIED JANUARY 14, 1944.

F. W. Lohr, of Sioux City, for appellants.

Donnelly, Lynch, Anderson & Lynch, of Cedar Rapids, and
Kindig, Kindig & Beebe, of Sioux City, for appellee.

WENNERSTRUM, J.—This appeal has developed by reason of
an action brought by plaintiff to quiet title to eight vacant lots
in Sioux City, Iowa. The defendants filed answers and cross-
petitions. A petition of intervention was also filed. All of
these defensive pleadings were stricken by the trial court as the
result of motions filed by the plaintiff. The defendants and

intervener refused to plead further and a decree was entered quieting the title to the real estate in question in the plaintiff. The defendants and intervener have appealed.

The appellee is the titleholder of the lots in question, having received a treasurer's deed by virtue of a scavenger tax sale and the provisions of section 7255 of the 1939 Code of Iowa. The delinquent taxes were for the years of 1935, 1936, and 1937. The amount of the bid made by the appellee was in excess of the general taxes due, and the amount in excess of that due for the general taxes and costs was applied upon the delinquent special assessments, and for which the lots were also subject to sale.

It was asserted in the amended answer of the appellant Lee Bartleson that at the time of the tax sale, by which the appellee asserts its title, the appellant Bartleson was the owner of the real estate involved in this litigation. It is further asserted that he had conveyed by quitclaim deed the property involved to Mary E. White, the intervener; that in making said conveyance there was an oral agreement between Bartleson and Mary E. White wherein Bartleson retained an interest in said real estate pending the outcome of litigation regarding the title to said property. Bartleson further pleaded that he agreed to assist in the defense of the title in conjunction with the intervener. It was further alleged, in the pleadings stricken, that one Neil C. Shreve was in the actual possession of the real estate in controversy at the time the appellee procured its claimed tax deed, and that no notice of expiration was ever served upon him. It was also alleged that, by reason of failure to serve such notice upon the last-named party, the treasurer was without power or authority to execute any deed to the appellee and that the tax deeds so issued are void and of no force and effect. There is no allegation in any of the stricken pleadings as to the name of the person in whom the property in question was taxed at the time of the sale, and there is no allegation as to the person in possession other than the statement relative to Neil C. Shreve. It appears that the appellants' plea as to the invalidity of the appellee's title is based upon the alleged failure of appellee to cause the necessary notice of redemption to be served upon the person in possession.

Section 7279 of the 1939 Code of Iowa, in part, provides that

notice of the expiration of the period of redemption shall be "served upon the person in possession of such real estate, and also upon the person in whose name the same is taxed."

It is the claim of the appellee that the provisions of section 7290 of the 1939 Code of Iowa, which is hereinafter set forth, preclude the appellants from questioning the appellee's deed:

"Additional facts necessary. No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title."

However, as previously stated, the appellants claim that the notice required by section 7279 of the Code was not given as to the expiration of the period of redemption, and it is asserted that the provisions of section 7290 do not require him to make an actual tender of money other than in the pleadings where there was no proper notice given of the period of redemption. Iowa Loan & Trust Co. v. Pond, 128 Iowa 600, 105 N. W. 119; Neilan v. Unity Investment Co., 147 Iowa 677, 126 N. W. 947; Heaton v. Knight, 63 Iowa 686, 16 N. W. 532; Taylor v. Ormsby Bros., 66 Iowa 109, 23 N. W. 288; Nicodemus v. Young, 90 Iowa 423, 57 N. W. 906.

Our latest pronouncement on the proposition presented by the appellants for reversal is found in Thompson v. Chambers, 229 Iowa 1265, 1274, 296 N. W. 380, 384, where it is said:

"Again, this court has held that the statute, section 7290, requiring payment of taxes as a prerequisite to an attack upon a tax title does not apply where the tax deed is void. Hawkeye L. Ins. Co. v. Valley-D. M. Co., 220 Iowa 556, 565, 260 N. W. 669, 674, 105 A. L. R. 1018, 1025; Medland v. Walker, 96 Iowa 175, 64 N. W. 797; Wilkin v. Wilkin, 91 Iowa 652, 60 N. W. 194; Adams v. Snow, 65 Iowa 435, 21 N. W. 765. The three cases last cited hold that a tax deed is void where notice regarding redemption is not given in the manner provided by statute."

The answer and cross-petition of A. L. White and a petition

of intervention of Mary E. White and the amended answer of Lee Bartleson, which were stricken by the court, alleged that no notice of expiration of the right to redeem was served upon the person in possession of the property in question. Upon this appeal this allegation must be taken as true. Consequently, under our holding in Thompson v. Chambers, supra, and cases therein cited, appellee's tax deed would be void and Code section 7290, requiring payment of taxes as a prerequisite to an attack upon such title, would not apply. The court therefore erred in striking the answer, cross-petition, and petition of intervention and in entering decree for appellee.

We interpret the phrase ''procured its deed'' used in the appellants' pleadings to mean the statutory procurement of the tax deed. It means the necessary steps as set forth in the statute for the obtaining of the deed and is not necessarily confined to the formal obtaining of the deed. A step in the statutory procurement of the deed is to serve the party in possession at least ninety days before securing the deed. We interpret the pleaded phrase to include the allegation that no notice was served on the party in possession at the time it should properly have been served.—Reversed.

All JUSTICES concur.