ADOLPH LAZURE, APPELLANT, v. MAVERICK LOAN & TRUST COMPANY, APPELLEE.

FILED NOVEMBER 13, 1912.   No. 16,794.

Taxation: REDEMPTION FROM SALE. Before bringing an action to redeem from tax sale and treasurer's deed, all taxes subsequent to the sale, due and payable, must be paid. If subsequent taxes

have been paid by the purchaser at tax sale, the amount so paid, with interest, should be included in the decree allowing the redemption. The landowner is not required to reimburse the purchaser at tax sale before bringing his action to redeem.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*John Lothrop* and *B. F. Gilman,* for appellant.

*C. Patterson, contra.*

SEDGWICK, J.

The defendant claims an interest in the land in question by virtue of an administrative sale for the taxes assessed thereon in the year 1904 and a treasurer's deed pursuant thereto. The plaintiff brought this action to redeem the land from the taxes, claiming that the treasurer's deed was void. The trial court found for the defendant, and the plaintiff has appealed.

It is conceded that the tax deed was void for several reasons, and it is contended by the defendant that he has paid all the subsequent taxes upon the land, and that the plaintiff cannot maintain this action to redeem without first reimbursing him for the taxes so paid. This does not constitute a defense to the action. Section 11111, Ann. St. 1911, provides that the owner of land sold for taxes may redeem by paying the amount of taxes for which the land was sold, with interest, "together with all other taxes subsequently paid." The taxes, according to the admissions of the parties upon the record, have all been paid, and to require the plaintiff to reimburse the defendant for subsequent taxes paid would, in the language of the supreme court of Iowa, "not be a payment of the taxes. It would be a reimbursement for taxes previously paid." *Taylor v. Ormsby Bros.,* 66 Ia. 109. Our statute requiring the payment of taxes before bringing an action to redeem was borrowed from Iowa. The construction that court put upon it is a reasonable one, and we are content to follow it.

, The judgment of the. district court is reversed and the cause remanded, with directions to allow the plaintiff to redeem as herein indicated.

REVERSED.