Terry M. BUTLER and Pamela R. Butler, Plaintiffs–Appellees,

v.

HOOVER NATURE TRAIL, INC., Defendant–Appellant,

Hawkeye Land Co., et al., Defendants.

No. 93–1737.

Court of Appeals of Iowa.

Dec. 14, 1994.

Steven A. Sents, of Newell & Sents Law Offices, Columbus Junction, for appellant.

Jay J. Schweitzer and Timothy K. Wink, of Schweitzer and Wink, Columbus Junction, for appellees.

Heard by DONIELSON, P.J., CADY, J., and PERKINS, Senior Judge.*

CADY, Judge.

This is an appeal in a quiet title action from a summary judgment granted by the district court. The issue is whether the owners of land adjoining an abandoned railroad right-of-way have established title to the abandoned property as a matter of law. We conclude the district court properly granted summary judgment and affirm.

The facts in this case are not in dispute. Terry and Pamela Butler own land in Louisa County, located in several sections of Township 73 including sections 17 and 18. Their land located in these sections forms the foundation of this lawsuit. Section 17 lies to the east of section 18. An abandoned railroad right-of-way passes diagonally through the southeast corner of section 18 and across section 17 in a northeast direction. The right-of-way continues to run to the northeast after leaving section 17, and runs into section 19 located south of section 18. The land owned by the Butler's includes an area north and south of the abandoned right-of-way in section 18, and an area north of the abandoned right-of-way in section 17. The

Butler's purchased this land on June 26, 1992, as shown by a warranty deed recorded on July 1, 1992.

The railroad right-of-way which transverses section 17 was originally granted to the Cedar Rapids and Burlington Railway Company by Robert and Mary Delzell and James G. Umphreys. The Delzell's owned land in sections 18 and 19, as well as section 17. The Delzell deed was dated October 17, 1867 and recorded in Book 24, page 380 on August 6, 1872. The Umphreys deed was filed August 20, 1872. The two deeds, which described the right-of-way as 100 feet wide, contained the following language:

[g]ive, revise, release, convey and quit claim to said ... Railway Company for the purpose of constructing a railroad thereon and for all uses and purposes connected with the construction of and the use of the said railroad, the right-of-way for the said railroad over and through the following described tract ... provided, however, that if the said railroad ... or their assigns shall ... cease permanently to use said road ... and the same shall be abandoned or the route thereof changed so as not to be continued over the said premises then ... said land hereby granted shall revert to the said grantors, their heirs or assigns....

The right-of-way created by the Delzell deed also included section 19. It did not include section 18, although section 18 lies between sections 17 and 19.

No deed appears in the records of the county recorder showing the original grant of the railroad right-of-way through section 18. In 1875, however, an order entered in a partition action revealed that the disputed land in section 18 excluded "100 feet in width occupied by the railroad ..." Furthermore, a railroad strip map in the recorder's office dated June 30, 1915, listed the Delzell's as the original grantors of the right-of-way in section 18 pursuant to the deed dated October 17, 1867, and recorded in Book 24, Page 380 on August 6, 1872. This is the same date

* Senior judge from the 5th Judicial District serving on this court by order of the Iowa Supreme Court.

and reference as the deed describing the right-of-way in sections 17 and 19.

Hoover Nature Trail, Inc. is a nonprofit organization involved in the conversion of abandoned railroad lines into hiking and biking paths. In 1980 a federal court ordered the abandonment of the railroad system affecting the tracks through section 17 and 18. The track materials were removed from the right-of-way in 1985.

The right-of-way in sections 17 and 18 was conveyed to Hoover Nature Trail in 1990 by a deed from Hawkeye Land Company, who had acquired its interest in 1985 from the last railroad to own the right-of-way as an assignee of the original grant. Hoover Nature Trail also purchased an interest in the right-of-way in section 18 in 1992 from Larry Lihs. Lihs had acquired interests in the property by the tax deed in 1991. Lihs purchased the section 18 right-of-way at a tax sale and served notice of sale on Hoover Nature Trail and Hawkeye Land Company.

Hoover Nature Trail began transforming the right-of-way into a trail in 1990. They installed a bridge, performed grading and paving work, and placed signs along the trail. They also cleaned a significant amount of brush from the property.

Hoover Nature Trail claims that the absence of a deed to confirm the character of the original grant of the right-of-way in section 18 prevents the court from finding as a matter of law that the original grant was an easement with a reversionary interest. They point out that the records in the recorder's office reveal the railroad received a fee interest to another parcel of land in section 18. Hoover Nature Trail also argues the tax deed is superior to the Butler's claim to the right-of-way in section 18 since no original deed exists. Lastly, Hoover Nature Trail argues that Iowa Code 327G.76 and 327G.77 (1991) are unconstitutional.

## I. Scope of Review

Our scope of review of an order granting summary judgment is for the correction of errors at law. *Ciha v. Irons,* 509 N.W.2d 492, 493 (Iowa 1993). Summary adjudication can be sustained only where the entire record shows there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). Accordingly, we look to determine whether a genuine issue of material fact exists and whether the law was correctly applied. *Ottumwa Housing Auth. v. State Farm Fire & Cas. Co.,* 495 N.W.2d 723, 726 (Iowa 1993).

The record is examined in a light most favorable to the nonmovant in determining the existence of a material fact. *Matherly v. Hanson,* 359 N.W.2d 450, 453 (Iowa 1984). The nonmoving party is also given the benefit of any doubt over the propriety of granting summary judgment. *D.R.R. v. English Enter., CATV,* 356 N.W.2d 580, 582 (Iowa App.1984). We reverse the entry of summary judgment if the record reveals any unresolved issue of material fact. *Id.*

Summary judgment does not result merely because the parties do not dispute the underlying facts. A jury issue may be presented in a case based upon undisputed facts if reasonable minds could draw different inferences or conclusions from the uncontested evidence. *Lenstra v. Menard, Inc.,* 511 N.W.2d 410, 412 (Iowa App.1993). However, an inference based upon speculation or conjecture does not generate a material factual dispute to defeat summary adjudication. *Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480, 1482 (11th Cir.1985). *See Brody v. Ruby,* 267 N.W.2d 902, 904 (Iowa 1978) (federal interpretations of federal rule of civil procedure 56, are persuasive in considering Iowa Rule of Civil Procedure 237). Inferences may be drawn in favor of the party opposing the summary judgment only if they are rational, reasonable, and otherwise permissible under the governing substantive law. *Bathony v. Transamerica Occidental Life Ins. Co.,* 795 F.Supp. 296, 298 (D.Alaska 1992). In weighing the inferences drawn from the facts, the task is not to weigh them against each other, but to weigh each against the abstract standard of reasonableness, casting aside those which do not meet the test and concentrating on those which do. *American Tel. & Tel. Co. v. Delta Communications Corp.,* 590 F.2d 100, 102 (5th Cir. 1979).

## II. Reversion of Railroad Right-of-Way

█ Once a railroad easement is abandoned by the railroad under Iowa Code Section 327G.76, the property passes to the owners of the adjacent property at the time of the abandonment. Iowa Code § 327G.77. To establish title to a right-of-way as an adjacent property owner, however, it must be shown that the railroad had only an easement in the property. The statutory revisionary provisions are inapplicable when a railroad has acquired a fee simple in the right-of-way. *Notelzah, Inc. v. Destival,* 489 N.W.2d 744, 746 (Iowa 1992).

█ The granting clause of the original deed covering section 17 in this case described the conveyance as a right-of-way for the construction and use of a railroad, and specifically provided for the land to revert to the grantors if the railroad permanently ceased to use the road. Our appellate courts have held in a long line of cases involving deeds with similar language that only an easement is conveyed by such deeds. *See Macerich Real Estate Co. v. City of Ames,* 433 N.W.2d 726, 727–28 (Iowa 1988); *Estate of Rockafellow v. Lihs,* 494 N.W.2d 734, 736 (Iowa App.1992). The fighting question is whether the Butlers have established as a matter of law that the section 17 deed also conveyed 18 despite the absence of express language describing section 18.

Generally, extrinsic evidence may be admitted to help identify the property conveyed in a deed. *See* 26 C.J.S., *Deeds* § 107 (1956). In this case, the Butlers presented evidence that reasonably infers section 18 was conveyed along with sections 17 and 19, or at least in the same manner. Hoover Nature Trail, on the other hand, argues a contrary inference based on their evidence that the railroad received a deed in 1918 conveying fee simple interest in other property in section 18. They use this evidence to infer that the earlier conveyance of the right-of-way property in section 18 also may have been fee simple. They also argue that the absence of a deed necessarily raises an issue of fact concerning the nature of the interest conveyed.

We believe the inferences drawn by Hoover Nature Trail are unreasonable. Certainly, the absence of a deed does not support any inference concerning the nature or character of the conveyance. Moreover, a fee simple conveyance of land in section 18 to the railroad some fifty years after the railroad tracks came through the area does not rationally support an inference that the conveyance of the right-of-way for the tracks was also fee simple. There is nothing to suggest or imply any connection between the two events.

█ We must look for reasonable inferences, not every conceivable inference. Furthermore, we recognize a quiet title action is tried in equity without a jury. *See Barks v. White,* 365 N.W.2d 640, 642 (Iowa App.1985). In non-jury cases, summary judgment may be granted if a trial would not enhance the ability of the court to draw inferences or conclusions. *Higgins v. Fuessenich,* 452 F.Supp. 1331, 1335 (D.Conn. 1978). It is difficult to imagine how the inferences drawn by Hoover Nature Trail at this time would be improved at trial.

### III. Tax Deed

█ A tax deed is both prima facie evidence of a proper sale and conclusive evidence of the manner of the sale. Iowa Code §§ 448.4, 448.5 (1991). A tax deed can be defeated, however, among other things, by the failure to give notice of the sale. Iowa Code § 448.6(4). A tax deed is void where the redemption notice was not properly given. *See Inter–Ocean Reins, Co. v. Bartleson,* 234 Iowa 335, 337, 11 N.W.2d 688, 689 (1943).

█ Iowa Code Section 447.9 requires the notice of sale and redemption to be sent to any person who has an "interest of record." We believe owners of property adjacent to an abandoned railroad right-of-way are persons who have an "interest of record."

█ It is undisputed in this case that Larry Lihs did not give notice of redemption to the Butler's or their predecessors in interest. Hoover Nature Trail does not allege or argue that notice was given. Accordingly, the interest of the Butler's defeats the inter-

est derived from the tax deed as a matter of law.

### IV. Constitutional Challenge

 Hoover Nature Trail argues that sections 327G.76 and 327G.77 result in an unconstitutional taking of property without adequate compensation or due process. Since Hoover Nature Trail acquired no interest in the right-of-way by the quit claim deeds from Hawkeye Land Company or Larry Lihs, they lack standing to challenge the statutes or the Butler's claims of ownership on constitutional grounds. *See Macerich Real Estate Co.*, 433 N.W.2d at 730.

In conclusion, we affirm the entry of summary judgment by the district court. We clarify that the judgment entered by the district court applied only to the 100 feet right-of-way located in sections 17 and 18, and does not affect other land Hoover Nature Trail may own in section 18.

**AFFIRMED.**