## IN THE COURT OF APPEALS OF IOWA

No. 16-1733
Filed August 2, 2017

**PREFERRED MARKETING, INC., d/b/a BROKEN ARROW WEAR,**
      Plaintiff-Appellant,

**vs.**

**LE MARS INSURANCE COMPANY,**
      Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.

An insured appeals the district court's grant of summary judgment in favor of the insurer, wherein the court found the insured's business owners insurance policy's two-year limitations period barred the insured's suit.  **AFFIRMED.**

David E. Brick of Brick Gentry, P.C., West Des Moines, for appellant.

Rene Charles Lapierre and Ryland Deinert of Klass Law Firm, L.L.P., Sioux City, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Preferred Marketing, Inc. (Preferred) appeals the district court's grant of summary judgment in favor of Le Mars Insurance Company (Le Mars). Preferred contends the district court erred in finding its suit against Le Mars was barred by the two-year limitations period contained in the insurance policy issued to Preferred by Le Mars. We affirm.

### I. Background Facts and Proceedings.

In June 2013, a lightning strike damaged computer equipment owned by Preferred. Preferred filed a claim with its insurer, Le Mars. Le Mars paid a portion of the claim. A dispute arose, and Le Mars declined to make any additional payments on the claim. On February 10, 2016, Preferred filed suit against Le Mars seeking, among other things, compensation for damages related to Preferred's business interruption, restoration costs, and loss of profits resulting from the lightning strike.

Le Mars answered and subsequently filed a motion for summary judgment. Le Mars asserted it was entitled to summary judgment in its favor because Preferred failed to file its lawsuit within the policy's two-year limitations period.[1] Preferred resisted the motion. Though it admitted the policy did contain a two-year limitations period, Preferred claimed Le Mars "never disclosed the limitation period to [Preferred] when entering into the policy," Le Mars did not

---

[1] The policy provides:
   **4. Legal Action Against Us**
   No one may bring a legal action against us under this insurance unless:
      **a.** There has been full compliance with all of the terms of this insurance; and
      **b.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

include the limitation period "in the declarations or renewal documents," Le Mars did not inform Preferred of the contractual limitation period after Preferred submitted its loss claim, and when Le Mars refused to make any additional payments under the policy, it never informed Preferred that it had two years from the date of the loss to file a lawsuit. Preferred asserted Le Mars violated its obligation to "fully disclose" all provisions of the policy and should be barred from asserting the limitation as a defense. Preferred also contended that because the two-year limitation period in the policy did not "line up" with the five-year statutory-limitation period for injuries to property, *see* Iowa Code § 614.1(4) (2016), the policy's limitation period was unreasonable. Preferred also argued the limitations period was unreasonable because Preferred had no opportunity to negotiate the limitation with Le Mars.

Following a hearing, the district court entered its ruling granting Le Mars's motion. The court found the policy contained the two-year limitations period, and Preferred was therefore bound by the contract even if it did not expressly accept all of the contract provisions or was unaware of them. Additionally, the court concluded that, "[d]espite indulging in every legitimate inference the evidence" would bear, none of the factors contributing to a finding of unconscionability in the bargaining process, "nor any other fact provided by the parties, indicate the bargaining process or any part of the policy [was] unconscionable." The court found nothing "bizarre or oppressive" about the shortened two-year policy limitation. The court also determined, insofar as the policy was a contract of adhesion, Preferred "failed to satisfy its burden to prove the reasonable expectation doctrine." Since Preferred was required to file its suit against Le

Mars within two years after the date of its loss and it failed to do so, the court granted summary judgment in favor of Le Mars.

Thereafter, Preferred filed a motion to amend or enlarge the district court's ruling pursuant to Iowa Rule of Civil Procedure 1.904(2). It argued

> the Court neglected to [make] findings on [Preferred's] argument that [Le Mars's] failure to disclose or provide notice of the contractual limitation period in the policy acts to prevent [Le Mars] from relying on such pertinent provision of the policy in order to avoid liability under or dismiss [Preferred's] claims.

Citing Iowa Administrative Code rule 191-15.41(1) (2013), Preferred argued that when a claim is presented, property and casualty insurers in Iowa "shall fully disclose to first-party claimants all pertinent benefits, coverages or other provisions of a policy or contract under which a claim is presented." Preferred asserted

> [Le Mars] never disclosed the contractual limitation period to [Preferred] when entering into the policy. Furthermore, the contractual limitation period was not included in the declarations or renewal documents. Further and most importantly, when [Preferred] submitted [its] claim for the current loss, [it] was not informed of the contractual limitation period. Finally, when [Le Mars] rejected any additional payments under the policy, [Le Mars] never informed [Preferred] that [it] had two years from the date of the loss to file [its] lawsuit. [Le Mars] never disclosed the claim limitation of the policy once the claim was made by [Preferred], and as such, violated its obligation to "fully disclose" all pertinent provisions of a policy under which a claim is presented.

Preferred argued Le Mars was equitably estopped from now asserting the contractual time limitation as a defense.

Le Mars resisted. It contended the district court found that Le Mars disclosed the terms of its policy when it provided the policy to Preferred and that Preferred did not deny that Le Mars provided Preferred with a copy of the policy

"when they entered into their contractual relationship." Le Mars contended it complied with rule 191-15.41(1) when it provided a copy of the policy to Preferred. Further, Le Mars pointed out that Preferred was represented by previous counsel during the claims process. It also cited Iowa Supreme Court precedent, which holds an insurer does not have a duty to warn an insured that the time period for filing suit is running out.

After a hearing, the court denied Preferred's motion. The court found it was "undisputed" that Le Mars furnished a written copy of the entire policy to Preferred at the time the policy was purchased—some three months prior to the date of the loss. The court did not buy Preferred's argument that Le Mars was under an obligation to make an additional disclosure of the contractual-limitation provision when Preferred presented its claim. Additionally, the court found

> there is no evidence in this record regarding 1) what (if any) consideration or investigation [Preferred's] counsel gave to the statute of limitations, 2) what time period [Preferred's] counsel thought he had to bring suit, 3) whether [Preferred's] counsel was aware the policy had a "two years after the date on which the direct physical loss or damage occurred" statute of limitations, and 4) whether [Preferred's] counsel contacted [Le Mars] or [Le Mars's] counsel to obtain a copy of the policy (or if not, why not).

The district court concluded Preferred failed to make the requisite showing to support a claim of equitable estoppel. The court once again found Le Mars was entitled to judgment as a matter of law, and it denied Preferred's motion to reconsider.

Preferred now appeals, arguing the district court erred in finding Le Mars "provided the required disclosure of the contractual limitations period and was not barred from relying on the contractual limitations period." Preferred also

contends the court erred in finding it was reasonable to enforce the policy's two-year limitations period.

### II. Standard of Review.

The appellate courts review rulings on motions for summary judgment for correction of errors at law. *See Homan v. Branstad*, 887 N.W.2d 153, 163 (Iowa 2016). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Mueller v. Wellmark, Inc.*, 818 N.W.2d 244, 253 (Iowa 2012). The district court's findings of fact are binding on us if supported by substantial evidence. Iowa R. App. P. 6.904(3)(a). If the moving party has shown there is no genuine issue regarding any material fact, entitling the moving party to judgment as a matter of law, summary judgment is appropriate. *See* Iowa R. Civ. P. 1.981(3). Therefore, our review is limited to two questions: (1) whether there is a genuine dispute regarding the existence of a material fact, and (2) whether the district court correctly applied the law to the undisputed facts. *See Homan*, 887 N.W.2d. at 164.

A fact is material if it may affect the lawsuit's outcome. *See id.* There is a genuine dispute as to the existence of a fact if reasonable minds can differ as to how the factual question should be resolved. *See id.* "Even if facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions." *Walker Shoe Store v. Howard's Hobby Shop*, 327 N.W.2d 725, 728 (Iowa 1982).

In reviewing summary judgment rulings, we view the record in the light most favorable to the nonmoving party. *See Homan*, 887 N.W.2d at 163-64. This includes drawing all legitimate inferences that the record supports in favor of the nonmoving party. *See id.* at 164. The nonmoving party is also given the benefit of any doubt in determining whether granting summary judgment is appropriate. *See Butler v. Hoover Nature Trail, Inc.*, 530 N.W.2d 85, 88 (Iowa Ct. App. 1994). We therefore view the record in the light most favorable to Preferred, the nonmoving party. *See id.*

### III. Discussion.

### A. Validity of Policy's Two-Year Limitations Period.

We first address whether the policy's two-year limitation is valid, for if it is not, it is dispositive of the appeal. Because Preferred's property and casualty claims are contractual, they are presumptively subject to a ten-year statute of limitations. Iowa Code § 614.1(5). The Iowa Supreme Court has "held that parties to an insurance contract can modify the deadline for bringing suit," but the limitation is only enforceable if reasonable. *Osmic v. Nationwide Agribusiness Ins. Co.*, 841 N.W.2d 853, 858-59 (Iowa 2014). In the context of uninsured (UM) and underinsured (UIM) claims, the supreme court has held a contractual two-year limit on filing suit to be reasonable. *See id.* at 859 ("In certain prior cases, we have upheld contractual limitations provisions that require suit to be brought for UIM or uninsured motorist . . . benefits within two years of the accident. There is no question that the two-year contractual limit was reasonable in this case." (citations omitted)). We note the contractual two-year limit in those cases mirrors the two-year statute of limitations for personal injuries. *See* Iowa Code

§ 614.1(2). But here, the statute of limitations for injuries to property is five years. *See id.* § 614.1(4). So, unlike the UM and UIM cases, the policy's two-year contractual limitation does not mirror the five-year property damage statute of limitations. Our supreme court has upheld the validity of one-year contractual limitations in property damage cases. *See Stahl v. Preston Mut. Ins. Ass.*, 517 N.W.2d 201, 202 (Iowa 1994) (noting the policy at issue was modeled after the statutory standard fire insurance policy form which provided suit to be filed "within twelve months next after inception of the loss," citing what is now Iowa Code § 515.109 (2017)); *see also Davidson v. Wal-Mart Assocs. Health & Welfare Plan*, 305 F. Supp. 2d 1059, 1070 (S.D. Iowa 2004) (finding a one-year contractual limitations period was enforceable under Iowa law if reasonable, even though claims for benefits are considered contractual and subject to the statutory ten-year statute of limitations). Based upon *Osmic* and cases cited therein, we conclude the two-year contractual limit is reasonable here. *See* 841 N.W.2d at 858-59. We move on to consider the balance of Preferred's arguments.

### B. Disclosure.

On appeal Preferred argues the district court erroneously found that Le Mars adequately disclosed the policy's contractual limitations period as required under Iowa law and was not barred from reliance of such limitations period. Under Iowa's Insurance Trade Practices Act, found in Iowa Code chapter 507B, the Iowa Insurance Division promulgated administrative rule 191-15.41(1) requiring property and casualty insurers to "fully disclose to first-party claimants all pertinent benefits, coverages or other provisions of a policy or contract under which a claim is presented." Here, Preferred, the policy holder, is the first-party

claimant. Preferred contends "[t]he language of [r]ule 191-15.41(1) provides that a property or casualty insurer must expressly disclose pertinent benefits and provisions of a policy *once a claim is presented* under the policy." Preferred contends that after it presented its claim to Le Mars, it was not informed of the contractual-limitation period until Le Mars furnished a full copy of the policy after filing its motion for summary judgment. And since no timely post-claim disclosure was made, Preferred argues Le Mars is equitably estopped from asserting the suit is time barred by the shortened contractual-limitations period. Le Mars contends all it "was required to do under [the rule] was to provide its business owners policy to [Preferred] at the time it was procured."

The parties disagree on whether Le Mars provided the policy to Preferred at any point in time. In this regard, the record is long on lawyer talk, but short on facts. The disagreement is immaterial, however. It is well-settled that a party is bound by the terms and conditions of a contract whether or not the party actually took the opportunity to read the contract. *See Peak v. Adams*, 799 N.W.2d 535, 543 (Iowa 2011). It is also well-settled that "an insurer does not have the duty to warn its policyholders that the time period for filing suit against it is running out." *Osmic*, 841 N.W.2d at 861. Absent a specific request by the insured for the policy or relevant policy provision and a denial of the request by the insurer, the limitations period is thus valid and enforceable. *See id* at 862 (stating "an insurer has no affirmative obligation to disclose a contractual limitations period, such as by providing a copy of the insurance policy, absent a specific request"). Here, although Preferred contends Le Mars may not have provided a copy of the policy (although it even hedges on that issue), it does not contend it ever requested a

copy of the policy. Accordingly, the issue of disclosure is immaterial in this case and the limitation period is enforceable.

### C. Equitable Estoppel.

To successfully establish equitable estoppel, the plaintiff has the burden to show by clear and convincing evidence:

> (1) The defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks knowledge of the true facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely upon such representations to his prejudice.

*Osmic*, 841 N.W.2d at 864 (citations omitted). Preferred argues Le Mars should be equitably estopped and barred from now asserting the policy's suit-limitation provision as a defense because Le Mars allegedly violated rule 191-15.41(1). Even if Le Mars violated rule 191-15.41(1), that violation would not be sufficient, in and of itself, to equitably estop Le Mars from enforcing the policy's suit-limitation provision.

Our supreme court has held that the complete failure to provide the policy to the insured would not preclude enforcement of the policy's limitations clause so long as the insurer did not deny a request for the policy. *See Osmic*, 841 N.W.2d at 862. Specifically, *Osmic* says:

> Where the insurer wrongfully and unjustifiably withholds the policy from the insured, the insurer may be estopped from relying on the suit limitation clause. . . .
> On the other hand, an insurer's failure to provide a copy of a policy did not create a waiver or estoppel regarding the policy's limitation provision under the following circumstances:
> . . . .
> There was no request for a copy of the policy.

17 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance 3d* § 238:22, at 238-40 to -41 (2005) [hereinafter *Couch on Insurance 3d*].

*Id.* Here, there is no evidence in the summary judgment record that Preferred requested a copy of the policy and was refused by Le Mars. Under the record before us, the following passage from *Osmic* is dispositive of this appeal.

> We find that summary judgment record insufficient to raise a genuine issue of material fact as to equitable estoppel. The record does not show misrepresentation or concealment, nor does it show plaintiff's reliance on a misrepresentation or concealment. Nationwide did not refuse to provide a copy of the policy (which contains the UIM endorsement); rather, Esad's counsel never asked for one.
> "[F]ailure to provide a copy of a policy [does] not create [an] estoppel regarding the policy's limitation provision . . . [when] [t]here was no request for a copy of the policy." 17 *Couch on Insurance 3d* § 238:22, at 238-41. . . .

*Id.* at 864 (alterations in original) (internal citations omitted).

Like the *Osmic* court, we find the summary-judgment record insufficient to raise a genuine issue of material fact as to equitable estoppel.

### IV. Conclusion.

The policy's two-year suit limitations period is valid and enforceable. Preferred has not established evidence of conduct amounting to estoppel. Because the district court did not err in determining Le Mars was entitled to summary judgment as a matter of law, we affirm its judgment.

**AFFIRMED.**