# IN THE COURT OF APPEALS OF IOWA

No. 16-1666
Filed October 11, 2017

**NOLAN DEEDS,**
        Plaintiff-Appellant,

**vs.**

**CITY OF MARION, ST. LUKE'S WORK WELL SOLUTIONS, ST. LUKE'S HEALTHCARE AND IOWA HEALTH SYSTEMS d/b/a UNITYPOINT HEALTH,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.


        Nolan Deeds appeals the district court order granting summary judgment in favor of the defendants on his claims of disability discrimination. **AFFIRMED.**


        Nathan J. Borland, Brooke Timmer, and Katie Ervin Carlson of Fiedler & Timmer, P.L.L.C., Johnston, for appellant.

        Amy L. Reasner of Lynch Dallas, P.C., Cedar Rapids, for appellee City of Marion.

        Samantha M. Rollins, Karin A. Johnson, and Mitch G. Nass of Faegre Baker Daniels LLP, Des Moines, for appellees St. Luke's Work Well Solutions, St. Luke's Healthcare, and Iowa Health System d/b/a UnityPoint Health.


        Heard by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Nolan Deeds appeals the district court order granting summary judgment in favor of the defendants on his claims of disability discrimination. He contends the district court erred in finding his disability did not motivate the City of Marion (City) to rescind its offer of employment as a firefighter. He also contends the court erred in finding UnityPoint Health (UnityPoint)[1] did not aid and abet the City in its discriminatory conduct.

### I. Background Facts and Proceedings.

Deeds received a probable diagnosis of Multiple Sclerosis (MS) after he experienced numbness and weakness on the right side of his body in 2011. When the numbness returned approximately one year later, this time affecting both sides of his body, Deeds was diagnosed with relapse and remitting MS. Since that time, he has been asymptomatic.

Deeds has wanted to be a firefighter since he was a child. In preparation for that career, he earned an Associate's Degree in Fire Science and became nationally certified for Fire Fighter I, Fire Fighter II, and Hazardous Material Operations by the International Fire Service Accreditation Congress. He also received his National EMS Certification as an EMT-Basic.

In March 2012, Deeds applied for a position as a firefighter with the City. The City did not offer Deeds the position at that time but interviewed Deeds for the position again when it had another opening in the fall of 2013. On November

---

[1] Deeds claims three entities—St. Luke's Work Well Solutions, St. Luke's Healthcare, and Iowa Health Systems d/b/a UnityPoint Health—aided and abetted the City in its discriminatory conduct. We will refer to these defendants collectively as UnityPoint.

13, 2013, the City extended Deeds "a tentative job offer," which was conditioned on a physical examination indicating his "job readiness" and a background check.

The City employed UnityPoint to conduct its medical examinations for those it offered the firefighter position. In conducting the medical examination, Dr. Ann McKinstry spoke with Deeds but did not perform a physical examination of him. During her meeting with Deeds, Dr. McKinstry discovered Deeds had been diagnosed with MS and had active symptoms within the previous year.

Iowa law requires the Municipal Fire and Police Retirement System of Iowa (MFPRSI) to set the standards for entrance physical examinations. *See* Iowa Code §§ 400.8(1), 411.1A (2013). Because the MFPRSI standards to not specifically reference MS, Dr. McKinstry consulted guidelines of the National Fire Protection Association (NFPA), which exclude from service any firefighter candidate with MS who has experienced symptoms during the three years preceding an examination for fitness. Based on the NFPA guidelines, Dr. McKinstry determined that Deeds was not medically qualified to perform the essential functions of the firefighter position.

Dr. McKinstry completed the MFPRSI form, stating Deeds was not medically qualified. Although the form requested the examining physician set out any basis for this conclusion, Dr. McKinstry did not provide any additional information on the form. After receiving the examination form, the City rescinded its job offer to Deeds without seeking additional information.

Deeds filed a complaint with the Iowa Civil Rights Commission in February 2014, alleging the City discriminated against him based on disability by rescinding its offer of employment. The commission issued Deeds an

administrative release concerning his employment discrimination claims in November 2014.

In January 2015, Deeds filed a petition alleging the City engaged in disability discrimination when it rescinded his job offer based on his disability. He also alleged UnityPoint aided and abetted the City in its discrimination. The City and UnityPoint separately moved for summary judgment on Deeds's claims. Following a hearing, the district court granted summary judgment on Deeds's claims in favor of both defendants.

**II. Scope and Standard of Review.**

We review the district court's grant of summary judgment for correction of errors at law. *See Barker v. Capotosto*, 875 N.W.2d 157, 161 (Iowa 2016). To succeed on a motion for summary judgment, the moving party must show the material facts are undisputed and, applying the law to those facts, the moving party as entitled to judgment as a matter of law. *See id.*; *Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015). Therefore, our review is limited to two questions: (1) whether there is a genuine dispute regarding the existence of a material fact and (2) whether the district court correctly applied the law to the undisputed facts. *See Homan v. Branstad*, 887 N.W.2d 153, 164 (Iowa 2016).

A fact is material if it may affect the lawsuit's outcome. *See id.* There is a genuine dispute as to the existence of a fact if reasonable minds can differ as to how the factual question should be resolved. *See id.* "Even if facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions." *Walker Shoe Store v. Howard's Hobby Shop*, 327 N.W.2d 725, 728 (Iowa 1982).

We review the facts in the light most favorable to the nonmoving party. *See Nelson*, 867 N.W.2d at 6. We draw all legitimate inferences supported by the record in favor of the nonmoving party. *Id.* We also give the nonmoving party the benefit of the doubt when determining whether the grant of summary judgment was appropriate. *See Butler v. Hoover Nature Trail, Inc.*, 530 N.W.2d 85, 88 (Iowa Ct. App. 1994).

**III. Discrimination Claim Against the City.**

The Iowa Civil Rights Act (ICRA) prohibits discrimination in employment based on disability. *See* Iowa Code § 216.6(1)(a). To establish a prima facie case of disability discrimination, Deeds must show: (1) he is a person with a disability, (2) he was qualified to perform the job either with or without an accommodation for his disability, and (3) he suffered an adverse employment decision because of his disability. *See Casey's Gen. Stores*, *Inc. v. Blackford*, 661 N.W.2d 515, 519 (Iowa 2003).

The district court concluded a genuine issue of material fact exists as to whether Deeds is a person with a disability and whether he is qualified to perform the job. However, it concluded Deeds failed to show a genuine issue of fact exists as to whether the City took adverse action based on his disability. Rather, the court found the City withdrew its offer of employment because Deeds was not medically qualified to perform the job. The court further determined Deeds failed to show the City had a discriminatory motive in rescinding its offer. On this basis, the court granted summary judgment in favor of the City on Deeds's disability discrimination claim.

Deeds argues there is sufficient evidence to support a finding that the City rescinded its job offer based on his MS, which qualifies him as a person with a disability. He claims the reason the City rescinded its employment offer was based on his MS diagnosis; but for his MS diagnosis, Deeds claims he would have been hired.

Fire Chief Terry Jackson, who made the ultimate hiring determination, made the determination to rescind the conditional job offer to Deeds after reviewing the medical evaluation form completed by Dr. McKinstry. The form only stated that Deeds was not medically qualified to perform the essential functions of the firefighter position; the form provided no further explanation for this determination. Chief Jackson did not ask anyone from UnityPoint the basis for the finding Deeds was not medically qualified, nor did anyone from UnityPoint offer him that information. Chief Jackson did not learn the reason from Deeds. Chief Jackson testified that because he had no further explanation for the finding, he "had no idea what the problem was" and believed "[i]t could have been anything."

Deeds's argument that the City discriminated against him based on his disability pivots on Dr. McKinstry's use of the NFPA guidelines in reaching her determination that Deeds was not medically qualified to perform the essential functions of the firefighter position. He argues the NFPA guidelines exclude all applicants who have shown MS symptoms in the three preceding years from employment as a firefighter rather than determining each individual's qualifications based on an individualized assessment and therefore violate the ICRA. Accordingly, Deeds claims that Dr. McKinstry's reliance on the NFPA

guidelines gives rise to an inference of disability discrimination. He notes the City has never adopted the NFPA protocol and the MFPRSI's protocol, which is controlling, makes no reference to NFPA standards.

Assuming the use of the NFPA guidelines was inappropriate, the problem with Deeds's argument is that the City never instructed UnityPoint or Dr. McKinstry to use the NFPA guidelines in determining whether any applicant for a firefighter position was medically qualified to perform the essential functions of the job. There is no evidence to support a finding that the City knew UnityPoint or Dr. McKinstry utilized these guidelines to determine Deeds's job eligibility. The evidence only supports a finding that the City contracted with UnityPoint to complete the medical evaluation of any firefighter candidates and relied on its doctors' professional judgment in making its final hiring decisions. This does not provide a sufficient basis for liability under the ICRA.

To summarize, Dr. McKinstry was to assess Deeds's medical qualification for the firefighter position based on the statutorily mandated MFPRSI standards. The MFPRSI standards do not refer to MS. Upon learning Deeds had a diagnosis of MS, Dr. McKinstry took it upon herself to consult the NFPA standards regarding MS to determine whether Deeds was medically qualified for the firefighter position. There is no evidence the City knew Dr. McKinstry used the NFPA guidelines or went outside the MFPRSI standards in determining Deeds was not medically qualified, nor is there evidence that the City knew of Deeds's MS diagnosis.

Because Deeds's has failed to show the City rescinded its job offer based on his MS diagnosis, we affirm the grant of summary judgment in favor of the City.

**IV. Aiding-and-Abetting Claim Against UnityPoint.**

The ICRA prohibits not only discrimination but also aiding and abetting discrimination. *See* Iowa Code § 216.11(1); *Johnson v. BE & K Constr. Co.*, 583 F. Supp. 2d 1044, 1052 (S.D. Iowa 2009). Deeds alleged UnityPoint aided and abetted the City in its discrimination against him based on his disability.

The district court granted summary judgment in favor of UnityPoint on Deeds's aiding and abetting claim because it found UnityPoint's role in the hiring process was merely advisory, citing *Sahai v. Davies*, 557 N.W.2d 898, 900-01 (Iowa 1997) (holding a third-party physician who recommended that an employer not hire a pregnant person for assembly line positions was not liable for discrimination under the ICRA because his role in the employer's hiring decision was only advisory). However, the plaintiff in *Sahai* brought a claim of discrimination under Iowa Code section 216.6(1), 557 N.W.2d at 901, not an aiding and abetting claim under section 216.11(1). On this basis, Deeds argues *Sahai* is distinguishable.

Assuming the *Sahai* holding does not apply to claims brought under section 216.11(1), Deeds's claim still fails. Iowa Code section 216.11(1) states that it is "an unfair or discriminatory practice for . . . [a]ny person to intentionally aid, abet, compel, or coerce another person to engage in any of the practices declared unfair or discriminatory by this chapter." In order to impose liability on one who aids and abets an employer's participation in a discriminatory

employment practice, the plaintiff must first establish the employer's participation in the discriminatory practice. *See Pellegrini v. Sovereign Hotels, Inc.*, 760 F. Supp. 2d 344, 356 (N.D.N.Y. 2010) (interpreting New York Executive Law section 296(1), which makes it an unlawful employment practice to "aid, abet, incite, compel or coerce" employment discrimination); *cf. Tarr v. Ciasulli*, 853 A.2d 921, 929 (N.J. 2004) (holding that "in order to hold an employee liable as an aider or abettor, a plaintiff must show that . . . 'the party whom the defendant aids must perform a wrongful act that causes an injury'" (quoting *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999))). Because Deeds has failed to show the City engaged in a discriminatory employment practice, his claim that UnityPoint aided or abetted in the discriminatory employment practice necessarily fails. Accordingly, we affirm the grant of summary judgment in favor of UnityPoint. *See Veatch v. City of Waverly*, 858 N.W.2d 1, 7 (Iowa 2015) (noting the appellate court can affirm summary judgment on a ground not relied upon by the district court so long as the ground was urged in that court and on appeal).

**AFFIRMED.**

Bower, J., concurs; Vaitheswaran, P.J., partially dissents.

**VAITHESWARAN, Presiding Judge.** (concurring in part and dissenting in part)

I concur in part and dissent in part. I agree with the majority's disposition with respect to UnityPoint, but I would find a genuine issue of material fact on the third element of the disability discrimination claim against the City. *See, e.g.*, *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 18 (Iowa 2014). Accordingly, I would reverse and remand the summary judgment ruling as to the City.